**EXHIBIT "A"**

```
EUGENE G. IREDALE: SBN 75292
JULIA YOO:  SBN 231163
GRACE JUN: SBN 287973
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525
Attorneys for Plaintiff Frankie Greer
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE GREER,<br><br>  Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, WILLIAM GORE, in his individual capacity, ALFRED JOSHUA, in his individual capacity, BARBARA LEE, in her individual capacity, and DOES 1 – 100,<br><br>  Defendants. | CASE NO. 19-cv-00378-GPC-DEB<br><br>PLAINTIFF FRANKIE GREER'S REQUEST FOR PRODUCTION (SET TWO) TO DEFENDANT COUNTY OF SAN DIEGO |

**PROPOUNDING PARTY:**    **PLAINTIFF FRANKIE GREER**

**RESPONDING PARTY:**    **DEFENDANT COUNTY OF SAN DIEGO**

**SET NUMBER:**         **TWO**

## PRELIMINARY STATEMENT

Pursuant to Federal Rule at Civil Procedure, Rule 34, FRANKIE GREER ("PLAINTIFF") requests that Defendant County of San Diego ("COUNTY"), produce for inspection and/or photocopying all documents, papers, books, accounts, letters, photographs, objects or other things designated herein.  Within thirty (30) days after service of this request, you must serve a written response

1 subscribed under oath describing the documents/things you will produce and
2 stating any objections that you have to the production of any of the
3 documents/things described below.  Failure to serve a response within the time
4 allotted shall be deemed to be a waiver of any objections to the production of the
5 requested documents/things.

## DEFINITIONS

1. The term COUNTY OF SAN DIEGO ("COUNTY") refers to COUNTY's current and former employees, officers, agents, directors, executives, administrators, partners, members, advisors, predecessors, successors, assignees, contractors and any entity or entities owned or controlled, in whole or in part, by Defendant COUNTY.

2. The terms "YOU" and "YOUR" refer to Defendant COUNTY OF SAN DIEGO ("COUNTY") and its current and former employees, officers, agents, directors, executives, administrators, partners, members, advisors, predecessors, successors, assignees, contractors or any entity or entities owned or controlled, in whole or in part, by Defendant COUNTY.

3. "DOCUMENT" shall mean "writing" as defined in California Evidence Code section 250 as follows:  handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing any form of communication and representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, including all ELECTRONICALLY STORED INFORMATION.  DOCUMENT includes the originals, any copies of originals not available, or any non-identical copies (or copies different from the original because of notes made on such copies, or because of an indication that such copies were sent to individuals different from those to whom the originals were sent, or different for any reason).

4. The term "REGARDING," "RELATING TO," "RELATE TO," or "REFLECTING" shall mean mentioning, describing, evidencing, regarding, concerning, depicting or referring to in any way, directly or indirectly.

5. The term "ELECTRONICALLY STORED INFORMATION" shall mean information that is stored in an electronic medium.

6. The term "ELECTRONIC" shall mean relating to technology having electrical, digital, magnetic, wireless, optical, electromagnetic, or similar capabilities.

7. The terms "COMMUNICATION" and "CORRESPONDENCE" shall mean and include any oral, written, or ELECTRONIC transmission of information, thoughts, opinions, or other data, between two or more persons. This includes, but is not limited to, print, ELECTRONIC, digital, or telephonic mediums and formats of COMMUNICATION.

8. The term "ENTITY" or "ENTITIES" includes, but is not limited to, any agency, association, business, bureau, charity, club, collective, committee, company, corporation, department, government, institute, institution, general or limited partnership, limited liability company, non-profit, office, organization or unit.

9. The term "PERSON" or "PERSONS" shall mean and include all natural persons, corporations, partnerships, limited liability companies, organizations, associations and any other kind of business or legal entity.

10. The term "INCIDENT" shall refer to the facts as alleged in the First Amended Complaint (ECF no. 17).

11. The use of the singular form of any word includes the plural and vice versa.

12. The connectives "and" and "or" shall mean "and/or," and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all documents or other information that might otherwise be construed outside of its scope.

# INSTRUCTIONS

## A. Separate Response to Each Request

In responding to these Requests for Production, please respond separately to each request number by stating any of the following:

a. A statement that YOU will comply with the particular demand for inspection, copying, testing, or sampling within thirty (30) days after service of this request;

b. A representation that YOU lack the ability to comply with the demand for inspection, copying, testing, or sampling of a particular item or category of item; or

c. An objection to the particular demand for inspection, copying, testing, or sampling.

## B. Statement regarding compliance in whole or in part

A statement that YOU will comply with the particular demand shall state that the production, inspection, copying, testing, or sampling, and related activity demanded, will be allowed either in whole or in part, and that all documents or things in the demanded category that are in the possession, custody, or control of that party and to which no objection is being made will be included in the production.

## C. Representation of inability to comply

A representation of inability to comply with a particular request for inspection, copying, testing, or sampling shall affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with that demand. This statement shall also specify whether the inability to comply is because the particular item or category has never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in the possession, custody, or control of the responding party. The statement shall set forth the name and

address of any natural person or organization known or believed by that party to have possession, custody, or control of that item or category of item.

### D. Statement of compliance or inability to comply when part of demand objectionable; privilege log

a) If only part of an item or category of item in a demand for inspection, copying, testing, or sampling is objectionable, the response shall contain a statement of compliance, or a representation of inability to comply with respect to the remainder of that item or category.

b) If the responding party objects to the demand for inspection, copying, testing, or sampling of an item or category of item, the response shall do both of the following:

   i) Identify with particularity any document, tangible thing, land, or electronically stored information falling within any category of item in the demand to which an objection is being made; and

   ii) Set forth clearly the extent of, and the specific ground for, the objection. If an objection is based on a claim of privilege, the particular privilege invoked shall be stated. If an objection is based on a claim that the information sought is protected work product, that claim shall be expressly asserted.

**Privilege log (Fed. R. Civ. P. 26(b)(5)**

If an objection is based on a claim of privilege or a claim that the information sought is protected work product, the response shall provide sufficient factual information for other parties to evaluate the merits of that claim, including, if necessary, a privilege log.  The privilege log shall contain a description of the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 11:**

Any and all DOCUMENTS and ELECTRONICALLY STORED INFORMATION RELATED TO and/or REFLECTING any and all medical personnel at the Central Jail that made any determination that PLAINTIFF Frankie Greer would receive and/or not receive his required medication.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all notes, records, DOCUMENTS and ELECTRONICALLY STORED INFORMATION RELATING TO and/or REFLECTING any jail officials that had contact with PLAINTIFF Frankie Greer from January 31, 2018 to February 2, 2018.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all notes, records, DOCUMENTS and ELECTRONICALLY STORED INFORMATION RELATING TO PLAINTIFF Frankie Greer's housing decisions, including but not limited to, DOCUMENTS generated by the housing deputy(ies).

**REQUEST FOR PRODUCTION NO. 14:**

Any and all notes, records, DOCUMENTS, and ELECTRONICALLY STORED INFORMATION generated by any housing deputy from January 31, 2018 to February 2, 2018.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS and ELECTRONICALLY STORED INFORMATION RELATED TO policies and procedures regarding the transmittal of housing or bunk assignments made by the medical staff at the Central Jail to correctional deputies, including transmittal of such information to any deputy responsible for assigning or placing an inmate in a cell and bunk.

**REQUEST FOR PRODUCTION NO. 16:**

1  Any and all DOCUMENTS, data compilations, and tangible things
2  described in Defendants' initial disclosures.
3  **REQUEST FOR PRODUCTION NO. 17:**
4  Any and all DOCUMENTS, writing, video recordings, and/or audio
5  recordings REGARDING PLAINTIFF Frankie Greer made by any individual
6  within the Sheriff's Department's Division of Inspectional Services (DIS) and/or
7  the Critical Incident Review Board (CIRB).
8  **REQUEST FOR PRODUCTION NO. 18:**
9  Any and all DOCUMENTS, writings, video and audio recordings reflecting
10 any investigation by DIS or CIRB REGARDING PLAINTIFF Frankie Greer.
11 **REQUEST FOR PRODUCTION NO. 19:**
12 Any and all DOCUMENTS REFLECTING insurance agreements, including
13 any excess insurance and/or reinsurance agreement, required to be produced under
14 Fed. R. Civ. P. 26(a)(1)(A)(iv).
15 **REQUEST FOR PRODUCTION NO. 20:**
16 Any and all DOCUMENTS REGARDING regulations and/or policies
17 RELATED TO the treatment of inmates/patients with seizure disorders.
18 **REQUEST FOR PRODUCTION NO. 21:**
19 Any and all DOCUMENTS REGARDING chronic disease pathway and/or
20 protocol for seizure disorders in effect in January 2018.
21 **REQUEST FOR PRODUCTION NO. 22:**
22 From the time period of January 1, 2013 to February 28, 2018, any report or
23 memoranda produced by the National Commission on Correctional Healthcare
24 (NCCHC) regarding any audit, review, or investigation conducted by NCCHC of
25 San Diego County jails.
26 **REQUEST FOR PRODUCTION NO. 23:**
27 From the time period of January 1, 2013 to February 28, 2018, any and all e-
28 mails between Barbara Lee (Barbara.Lee@sdsheriff.org) and any member or

1 | ==representative of the National Commission on Correctional Healthcare (NCCHC)==
2 | ==regarding any audit, review, or investigation conducted by NCCHC of San Diego==
3 | ==County jails.==

5 | DATED September 17, 2020          IREDALE AND YOO, APC

                                      _____
8 |                                    EUGENE IREDALE
                                       JULIA YOO
9 |                                    GRACE JUN
10|                                    Attorneys for Plaintiff
                                       FRANKIE GREER

*Frankie Greer v. County of San Diego et al.*
Southern District of California Case No. 19-cv-00378-GPC-AGS

# DECLARATION AND PROOF OF SERVICE

I, Richard Cummings, hereby declare as follows:

I am over the age of 18 years and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 105 West F Street, Fourth Floor, San Diego, California 92101.

On September 17, 2020, I caused the following document(s) to be served:

1. **Plaintiff Frankie Greer's Special Interrogatories (Set One) to Defendant County of San Diego;**
2. **Plaintiff Frankie Greer's Request For Production (Set Two) To Defendant County Of San Diego**

[ X ] **(By U.S. POSTAL MAIL)** I served each of the above-referenced document(s) by placing them in a sealed envelope for United States Postal Service (USPS) delivery, postage fully pre-paid, and placing them in a regulated receptacle for USPS for service on the following interested parties:

> Carrie Mitchell
> Matthew Thurmer
> McDougal, Love, Boehmer, Foley, Lyon & Canlas
> 8100 La Mesa Blvd., Suite 200
> La Mesa, California 91942
> Email: cmitchell@mcdougallove.com,
> mthurmer@mcdougallove.com,
> ablake@mcdougallove.com
> Attorneys for County of San Diego Defendants

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 17, 2020, in San Diego, California.

RICHARD CUMMINGS