**EXHIBIT "D"**

EUGENE G. IREDALE: SBN 75292
JULIA YOO: SBN 231163
GRACE JUN: SBN 287973
**IREDALE & YOO, APC**
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525  FAX: (619) 233-3221

**Attorneys for Plaintiff FRANKIE GREER**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE GREER,<br><br>   Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO *et al.*,<br><br>   Defendants. | CASE NO. 19-cv-00378-GPC-DEB<br><br>**PLAINTIFF FRANKIE GREER'S SPECIAL INTERROGATORIES TO DEFENDANT WILLIAM GORE (SET ONE)** |

**PROPOUNDING PARTY:** **PLAINTIFF FRANKIE GREER**

**RESPONDING PARTY:** **DEFENDANT WILLIAM GORE**

**SET NUMBER:**   **ONE**

## PRELIMINARY STATEMENT

  Pursuant to Federal Rule at Civil Procedure, Rule 33, Plaintiff Frankie Greer requests that Defendant William Gore ("Gore"), serve a written response on all parties within thirty (30) days after service of these interrogatories.  Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.  If objected to, the grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely

objection is waived unless the court, for good cause, excuses the failure.  If an objection is made to part of an interrogatory, the part shall be specified and the responding party will answer the remaining parts.

## **DEFINITIONS**

1.  The term COUNTY OF SAN DIEGO ("COUNTY") refers to COUNTY's current and former employees, officers, agents, directors, executives, administrators, partners, members, advisors, predecessors, successors, assignees, contractors and any entity or entities owned or controlled, in whole or in part, by Defendant COUNTY.

2.  The terms "YOU" and "YOUR" refer to Defendant Sheriff William Gore.

3.  The term "ENTITY" or "ENTITIES" includes, but is not limited to, any agency, association, business, bureau, charity, club, collective, committee, company, corporation, department, government, institute, institution, general or limited partnership, limited liability company, non-profit, office, organization or unit.

4.  The term "PERSON" or "PERSONS" shall mean and include all natural persons, corporations, partnerships, limited liability companies, organizations, associations and any other kind of business or legal entity.

5.  The term "REGARDING," "RELATING TO," "RELATE TO," or "REFLECTING" shall mean mentioning, describing, evidencing, regarding, concerning, depicting or referring to in any way, directly or indirectly.

6. The term "INCIDENT" shall refer to the facts as alleged in the Second Amended Complaint (ECF no. 59) ["SAC"] causing the injuries and harm suffered by Frankie Greer as described in the SAC.

7.  The use of the singular form of any word includes the plural and vice versa.

8.  The connectives "and" and "or" shall mean "and/or," and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the

discovery request all documents or other information that might otherwise be construed outside of its scope.

9. "IDENTIFY" when used to refer to a document or recording means that you should identify the document or recording with particularity, stating: (1) the identity of the person who signed it or under whose name it was sent or issued; (2) the date of the documents; and (3) the nature and substance of the document.  In the alternative, to the extent that a document that is responsive to the Interrogatory has been or is being produced, you may specify the Bates number of such document.

10. "IDENTIFY" when used to refer to a PERSON or ENTITY means to state the following: (1) the name of the person; (2) the last known address of that person; and (3) the last known telephone number of that person.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

For the period of March 1, 2014 to March 1, 2018, please provide the following information for each Critical Incident Review Board (CIRB) meeting that YOU attended:

    a.  Date of the CIRB meeting; and

    b.  First and last name of the decedent/detainee/arrestee/suspect whose interaction with Sheriff's Department employees or agents led to the incident that was the subject of the CIRB review.

**INTERROGATORY NO. 2:**

For the period of March 1, 2014 to March 1, 2018, did you recommend, authorize, and/or approve the imposition of discipline for any Sheriff's Department employee, agent, or deputy involved in the CIRB incidences identified in response to Interrogatory No. 1?

**INTERROGATORY NO. 3**:

1    If your answer to Interrogatory No. 2 is yes, please identify and describe
2  each incident in which you recommended, authorized, and/or approved the
3  imposition of discipline for a Sheriff's Department employee or agent.  For
4  purposes of this interrogatory, "identify each incident" means stating the first and
5  last name of the decedent/detainee/arrestee/suspect whose interaction with
6  Sheriff's Department employees or agents led to the incident that was the subject
7  of CIRB's review.

8  **INTERROGATORY NO. 4**:

9    For the period of March 1, 2014 to March 1, 2018, please describe
10 information from the Citizen's Law Enforcement Review Board (CLERB) that
11 YOU received:

12   a. Identify each incident in which CLERB made a sustained finding that a
13      Sheriff's Department deputy committed misconduct.  "Identify" in this
14      interrogatory means to provide the first and last name of the
15      decedent/detainee/arrestee/suspect/CLERB complainant whose
16      interaction with Sheriff's Department sworn staff led to the incident that
17      was the subject of CLERB's investigation.

18   b. Identify each incident in which CLERB recommended the imposition of
19      discipline for any deputy.  "Identify" in this interrogatory means to
20      provide the first and last name of the
21      decedent/detainee/arrestee/suspect/CLERB complainant whose
22      interaction with Sheriff's Department sworn staff led to the incident that
23      was the subject of CLERB's investigation.

24   c. Identify each incident in which CLERB recommended a policy change.
25      "Identify" in this interrogatory means to provide the first and last name of
26      the decedent/detainee/arrestee/suspect/CLERB complainant whose
27      interaction with Sheriff's Department sworn staff led to the incident that
28      was the subject of CLERB's investigation.

**INTERROGATORY NO. 5**:

For the period of March 1, 2014 to March 1, 2018, identify each incident in which YOU adopted CLERB's recommendation for the imposition of discipline for a deputy.  "Identify" in this interrogatory means to provide the first and last name of the decedent/detainee/arrestee/suspect/CLERB complainant whose interaction with Sheriff's Department sworn staff led to the incident that was the subject of CLERB's investigation.

**INTERROGATORY NO. 6**:

For the period of March 1, 2014 to March 1, 2018, identify each incident in which YOU adopted CLERB's recommendation for a policy change.  "Identify" in this interrogatory means to provide the first and last name of the decedent/detainee/arrestee/suspect/CLERB complainant whose interaction with Sheriff's Department sworn staff led to the incident that was the subject of CLERB's investigation.

**INTERROGATORY NO. 7**:

Do you meet with other Sheriff's Department officials to be briefed on issues related to the provision of medical care to inmates detained in County jails?

**INTERROGATORY NO. 8**:

If your answer to Interrogatory No. 7 is yes, please provide the following:

a. The name of these meetings or briefings.

b. The frequency of these meetings or briefings (e.g., weekly, monthly, quarterly, annually)

c. The first and last name, as well as title and division (e.g. Detentions, Medical Services, Internal Affairs) of each person who attends these meeting and briefing.

d. Whether notes, memoranda, meeting minutes, or other reports are generated and maintained reflecting the discussions at these meetings.

**INTERROGATORY NO. 9**:

Please review the County of San Diego's response to Special Interrogatory No. 19, which is attached hereto as Exhibit A.  For the time period of January 31, 2018 to February 1, 2018, do you agree that sworn staff (i.e., correctional deputies) could access and view the following medical instructions regarding Frankie Greer: seizure disorder; lower bunk; no SBDF; no Facility 8; no EMRF.

**INTERROGATORY NO. 10**:

If your response to Interrogatory No. 9 is yes, please describe what you did, if anything, to inform CLERB that sworn staff (i.e., correctional deputies) could access and view the lower bunk and seizure disorder medical instructions for Frankie Greer.

**INTERROGATORY NO. 11**:

If your response to Interrogatory No. 9 is yes, please describe what you did, if anything, to correct or amend the representation made by Sheriff's Department employees to CLERB that (1) medical staff failed to place the lower bunk order in the Jail Information Management System (JIMS) and that (2) deputies had no knowledge of Mr. Greer's need for a lower bunk.

**INTERROGATORY NO. 12**:

If your response to Interrogatory No. 9 is yes, please describe what you did, if anything, to facilitate another CLERB investigation, or the re-opening of CLERB's investigation, of the deputies who knew or should have known that Mr. Greer needed a lower bunk.

**INTERROGATORY NO. 13**:

If your response to Interrogatory No. 9 is yes, please describe what you did, if anything, to investigate whether deputy Francisco Bravo or deputy Christopher Simms violated Sheriff's Department policy by failing to place Mr. Greer on a lower bunk when they knew, or should have known, of the lower bunk order.

**INTERROGATORY NO. 14**:

For the time period of March 1, 2013 to March 1, 2018, what was the total number of Sheriff's Department employed medical personnel, working at the Jails, whom you caused to be disciplined, sanctioned, and/or reprimanded?

**INTERROGATORY NO. 15**:

For each incident of discipline that is part of your response to interrogatory no. 14, please describe the facts of the underlying incident that led to the imposition of discipline.

**INTERROGATORY NO. 16:**

For each of YOUR responses to Plaintiff's Requests for Admission (Set One), served herewith, if YOUR response is not an unqualified admission, state all facts upon which YOU base YOUR response; please IDENTIFY all PERSONS who have knowledge of those facts; and IDENTIFY all documents, recordings, or other tangible things that support YOUR response.

DATED November 17, 2021                    IREDALE AND YOO, APC


EUGENE IREDALE
JULIA YOO
GRACE JUN
Attorneys for Plaintiff Frankie Greer

- 7 -

# EXHIBIT A

Carrie L. Mitchell, Esq. (SBN 221845)
McDOUGAL LOVE BOEHMER FOLEY
LYON & MITCHELL
8100 La Mesa Blvd., Suite 200
La Mesa, California 91942
Telephone: (619) 440-4444; Fax: (619) 440-4907
Email: cmitchell@mcdougallove.com

Attorneys for Defendants County of San Diego,
Sheriff William Gore, Alfred Joshua, M.D., and Barbara Lee

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE GREER, | Case No.: 3:19-cv-00378-GPC-DEB |
| Plaintiff, | COUNTY OF SAN DIEGO'S RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET TWO |
| v. | |
| COUNTY OF SAN DIEGO, WILLIAM GORE in his individual capacity, ALFRED JOSHUA in his individual capacity, BARBARA LEE, in her individual capacity and DOES 1 to 100, | Judge: Hon. Gonzalo P. Curiel<br>Courtroom: 2D (2nd Flr)<br>Magistrate: Hon. Daniel E. Butcher<br>Courtroom: 3A (3rd Flr) |
| Defendants. | |

PROPOUNDING PARTY:      Plaintiff, Frankie Greer

RESPONDING PARTY:       Defendant, County of San Diego

SET NO.:        Two (2)

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of, and in relation to, this action.  Each response is given subject to all appropriate objections (including but not limited to objections concerning competency, relevance, materiality, propriety and admissibility) which would require the exclusion of any statement contained herein if the Request were asked of, or if any statement contained herein were made by, a witness present and testifying in Court.   All such objections and

1

1   grounds therefore are reserved and may be interposed at time of trial.

2          The party on whose behalf the responses are given has not yet completed its
3   investigation of the facts relating to this action, has not yet completed its discovery
4   in this action, and has not yet completed its preparation for trial.  Consequently, the
5   following responses are given without prejudice to the answering party's right to
6   produce, at the time of trial, subsequent discovery considered to be material.

7          Except for facts explicitly admitted herein, no admission of any nature
8   whatsoever is to be implied or inferred.  The fact that any Request herein has been
9   responded to should not be taken as an admission, or a concession of the existence,
10  of any facts set forth or assumed by such Request, or that such response constitutes
11  evidence of any facts thus set forth or assumed.  All responses must be construed
12  as given on the basis of present recollection.

13         It is anticipated that further discovery, independent investigation, legal
14  research and analysis will supply additional facts, add meaning to the known facts,
15  as well as establish entirely new factual conclusions and legal conclusions, all of
16  which may lead to substantial additions to, changes in, and variations from the
17  contentions herein set forth.

18                    RESPONSES TO SPECIAL INTERROGATORIES

19  SPECIAL INTERROGATORY NO. 16:

20         IDENTIFY any and all person(s) who will testify that "Mr. Greer slipped
21  while descending from his bunk and struck the floor" during this INCIDENT.

22  RESPONSE TO SPECIAL INTERROGATORY NO. 16:

23         Deputy Vicencio; Deputy Mendoza; Dwaine Thompson.

24  SPECIAL INTERROGATORY NO. 17:

25         IDENTIFY any and all person(s) with personal knowledge that "Mr. Greer
26  slipped while descending from his bunk and struck the floor" during this
27  INCIDENT.

28  ///

1   RESPONSE TO SPECIAL INTERROGATORY NO. 17:

2          Dwaine Thompson.

3   SPECIAL INTERROGATORY NO. 18:

4          IDENTIFY all DOCUMENTS and audio and/or video recordings that reflect

5   "Mr. Greer slipped while descending from his bunk and struck the floor" during

6   this INCIDENT.

7   RESPONSE TO SPECIAL INTERROGATORY NO. 18:

8          None.

9   SPECIAL INTERROGATORY NO. 19:

10          For the period of January 31, 2018, to February 1, 2018, please list or

11   describe any instruction, order, or directive in the Jail Information Management

12   System (JIMS) that could be accessed and viewed by sworn staff REGARDING

13   Frankie Greer in the following categories: (1) Hazards & Instructions; (2) High

14   Risk Indicators; (3) Special Conditions; (4) Medical Instructions; and (5) Admin

15   Alert.  For this interrogatory, Plaintiff is referring to the categories set forth in the

16   smaller window in the forefront of JIMS screenshot next to the photo of Plaintiff

17   Frankie Greer, attached hereto as Exhibit A (CSD0019).

18   RESPONSE TO SPECIAL INTERROGATORY NO. 19:

19          (1)  Hazards & Instructions:   Medical transfer restriction; unsentenced;

20   general population inmate; San Diego Court case; no strikes

21           (2) High Risk Indicators:  no instruction

22           (3) Special Conditions:  no instruction

23          (4) Medical Instructions: seizure disorder; lower bunk; no SBDF; no Facility

24   8; No EMRF

25          (5) Admin Alert: medical

26   SPECIAL INTERROGATORY NO. 20:

27          For the time period of January 31, 2018, to February 1, 2018, please list or

28   describe any information, instruction, order, or directive available in the "details"

1  screen of the Jail Information Management System (JIMS) that could be accessed

2  and viewed by sworn staff REGARDING Frankie Greer.

3  RESPONSE TO SPECIAL INTERROGATORY NO. 20:

4      The information on the detail screen from January 31, 2018 to February 1,

5  2018, that could have been accessed and viewed under the detail tab included Mr.

6  Greer's physical description, JIMS identification number and the information

7  contained in the response to interrogatory number 19.

8

9  Dated: September 21, 2021          MCDOUGAL LOVE BOEHMER FOLEY
                                      LYON & MITCHELL
10

11

12                            By: _____
                                  Carrie L. Mitchell
13                                Attorneys for Defendants, County of
                                  San Diego, Sheriff William Gore,
14                                Alfred Joshua, M.D., and Barbara Lee

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                     <u>VERIFICATION</u>

2         I, Amanda Kamphoefner, say:

3         I am a Legal Advisor for the San Diego County Sheriff's Department, a

4 party in the above-entitled matter, and I am authorized to make this verification for

5 and on behalf of said party.

6         I have read the foregoing Response to Special Interrogatories, Set Two.  The

7 responses contained in the document are not within the personal knowledge of

8 declarant, and declarant is informed that there is no single employee of the County

9 of San Diego who has personal knowledge of all such matters.

10         The responses in said document are based upon information assembled by

11 authorized employees of defendant, County of San Diego, and declarant is

12 informed and believes that the responses based upon such information are true.

13         I declare under penalty of perjury under the laws of the State of California

14 that the foregoing is true and correct to the best of my knowledge and belief.

15         Executed on September __10th__ 2021 at San Diego, California.

16

17

18                             Amanda Kamphoefner

19

20

21

22

23

24

25

26

27

28

COUNTY OF SAN DIEGO'S RESPONSE TO SPECIAL INTERROGATORIES, SET TWO

*Frankie Greer v. County of San Diego, et al.*
Case No. 3:19-CV-0378-GPC AGS

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. My business address is 8100 La Mesa Blvd., Suite 200, La Mesa, California, 91942.

On September 22, 2021, I served the following document(s): COUNTY OF SAN DIEGO'S RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET TWO, in the following manner:

☐ **By CM/ECF:** I caused to be transmitted a copy of the foregoing document(s) this date via the United States District Court's ECF System, which electronically notifies all counsel.

☒ **By e-mail or electronic transmission.** I caused all of the pages of the above-entitled documents to be electronically served on designated recipients.

Eugene Iredale, Esq.
Julia Yoo, Esq.
Grace Jun, Esq.
IREDALE & YOO
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
Telephone: (619) 233-1525
Facsimile: (619) 233-3221
Email: egiredale@iredalelaw.com
Email: jyoo@iredalelaw.com
Email: gjun@iredalelaw.com

Attorney for Plaintiff, Frankie Greer

Jeffrey S. Doggett, Esq.
Brian T. Bloodworth, Esq.
LOTZ, DOGGETT & RAWERS, LLP
101 W. Broadway, Suite 1110
San Diego, CA 91901
Telephone: (619) 233-5565
Facsimile:
Email: jdoggett@ldrlaw.com
Email: bbloodworth@ldrlaw.com

Attorneys for Maurcio Martinez and Coast Correctional Medical Group

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this proof of service was executed on September 22, 2021, in La Mesa, California.

_____
Amy Blake