UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE GREER,<br><br>                          Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                         Defendants. | Case No.: 19-cv-378-JO-DEB<br><br>**ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR ORDER STAYING PLAINTIFF'S *MONELL* DISCOVERY AND ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE PENDING MOTION TO BIFURCATE AND MOTION TO STAY PLAINTIFF'S *MONELL* CLAIMS AND RELATED DISCOVERY**<br><br>**[DKT. NO. 120]** |

**I.     INTRODUCTION**

Before the Court is Defendant County of San Diego's (the "County") Ex Parte Application for Order Staying Plaintiff's *Monell* Discovery and Order on Joint Motion for Determination of Discovery Dispute Pending Motion to Bifurcate and Motion to Stay

1

Plaintiff's *Monell* Claims and Related Discovery ("Ex Parte Application"). Dkt. No. 120.[1] The County "request[s] that the Court stay *Monell* discovery, including the discovery order issued on December 17, 2021 (Dkt. No. 117) pending a decision on defendant['s] motion to bifurcate and to stay [P]laintiff's *Monell* claims and related discovery."[2] *Id.* at 3. Plaintiff opposes the Ex Parte Application. Dkt. No. 123.

## II.   LEGAL STANDARD

"Ex parte applications are a form of emergency relief that will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief." *Langer v. McHale*, 13-cv-2721-CAB-NLS, 2014 WL 4922351, at *2 (S.D. Cal. Aug. 20, 2014) (quoting *Clark v. Time Warner Cable*, No. 07-cv-1707-VBF-RCX, 2007 WL 1334965, at *1 (C.D. Cal. May 3, 2007)). "The 'opportunities for legitimate *ex parte* applications are extremely limited.'" *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) (quoting *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)). To be proper, an ex parte application must demonstrate good cause to allow the moving party "to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Accordingly, the use of an ex parte procedure is justified only when: "(1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party

---

[1] When referencing page numbers for documents filed with the Court, the Court's citation refers to the page numbers assigned by the Court's CM-ECF system.

[2] On December 17, 2021, the Court overruled the County's non-privilege based objections to some of Plaintiff's document requests directed to his *Monell* claims and ordered the County produce non-privileged documents and a privilege log on or before January 17, 2022. Dkt. No. 117. The County has since objected to that order. Dkt. No. 121. The Ex Parte Application, however, is not limited to a stay of the December 17, 2021 discovery order, and requests a broader stay of all discovery related to Plaintiff's *Monell* claims. Dkt. No. 120.

may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought)." *Horne*, 969 F. Supp. 2d at 1205.

### III. DISCUSSION

The County requests all *Monell* discovery be stayed pending the Court's ruling on its Motion to Bifurcate and to Stay Plaintiff's *Monell* Claims and Related Discovery ("Motion to Bifurcate") filed on December 10, 2021 and set for hearing before the District Judge on March 25, 2022.[3] Dkt. No. 20 at 3. The County's arguments fail both procedurally and substantively.

The County contends that, because its Motion to Bifurcate will not be heard until after the March 11, 2022 deadline for completion of discovery, it "will be irreparably harmed and prejudiced by being forced to submit to extensive and burdensome *Monell* discovery; lodge a privilege log for potentially thousands of documents; and produce documents which [the County is] requesting be stayed until [P]laintiff establishes liability at trial." Dkt. No. 120 at 5.

This argument is not appropriate for ex parte relief because the County has been aware of Plaintiff's *Monell* claims for nearly three years.[4] Accordingly, rather than waiting

---

[3] The Motion to Bifurcate, filed December 10, 2021 and set for hearing on March 25, 2022, requests the District Judge bifurcate the trial of Plaintiff's *Monell* claims and stay all *Monell* related discovery until after Plaintiff has established liability on his other claims. Dkt. No. 114.

[4] Plaintiff's *Monell* claims have been in this case since his initial Complaint was filed on February 25, 2019. Dkt. No. 1. The parties' June 18, 2020 Joint Discovery Plan discussed Plaintiff's intention to conduct discovery on these claims, without any objection by the County. Dkt. No. 34 at 4 ("Plaintiffs further anticipate conducting discovery on matters related to their *Monell* claims, ADA/Rehab Acts claims, and claims against supervisory defendants . . . ."). The parties then commenced discovery, including *Monell* discovery. On August 9, 2021, Plaintiff propounded his fourth set of document requests to the County.

until the discovery cut-off is looming (and three years after Plaintiff filed his initial Complaint and one and one-half years after the parties' Rule 26(f) conference), the County could have filed a noticed motion to bifurcate and stay Plaintiff's *Monell* claims much earlier in the proceedings. The County is not, therefore, entitled to ex parte relief. *Mission Power Eng'g Co.*, 883 F. Supp. at 492 (To obtain ex parte relief, the moving party must show it "is without fault in creating the crisis that requires ex parte relief.").

The Ex Parte Application also fails on the merits. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "specifying [the] time and place . . . for . . . discovery." Fed. R. Civ. P. 26(c)(1). The Court has "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also id.* (noting a district court's stay of discovery "will not be overturned unless there is a clear abuse of discretion").

The Court does not find good cause for the County's request to stay discovery. The County waited for one and one-half years after the parties filed their Joint Discovery Plan to bring a Motion to Bifurcate. Because of its delay, the Motion to Bifurcate is not calendared for hearing until March 25, 2022. As a result, granting the County's Ex Parte Application to stay *Monell* discovery would compel extending the March 11, 2022 discovery cut-off, even if the District Judge denies the Motion to Bifurcate.

Moreover, if the District Judge were to grant the Motion to Bifurcate, that result would not necessarily relieve the County of its obligation to produce *Monell* discovery. Unless the County prevails in Phase One of their proposed bifurcation plan, bifurcating the

---

Dkt. No. 113-1 at 2-13. On October 21, 2021, the Court held a Discovery Conference to address the County's non-privilege based objections to some of Plaintiff's *Monell* directed discovery requests and set a briefing schedule. Dkt. No. 108. On November 15, 2021, the Plaintiff and the County filed joint briefing, again without any mention of bifurcation. Dkt. No. 113. On December 10, 2021, the County raised the *Monell* discovery bifurcation issue for the first time when it filed the Motion to Bifurcate. Dkt. No. 114.

case would merely delay its production of *Monell* discovery to Phase Two. The County would not be permanently relieved from producing *Monell* discovery unless the District Judge grants its Motion to Bifurcate and the County prevails in Phase One.

At this late stage of the proceedings, the Court declines to exercise its discretion to stay discovery based on potential outcomes that are either speculative and contingent (i.e. the District Judge granting the Motion to Bifurcate <u>and</u> the County prevailing in Phase One), or speculative, contingent, and of a negligible benefit (i.e., the District Judge granting the Motion to Bifurcate and Plaintiff prevailing in Phase One, which would merely defer *Monell* discovery to Phase Two).

## IV. CONCLUSION

Based on the foregoing, the County's Ex Parte Application is denied.

**IT IS SO ORDERED.**

Dated: January 11, 2022

Honorable Daniel E. Butcher
United States Magistrate Judge