EUGENE G. IREDALE: SBN 75292
JULIA YOO: SBN 231163
GRACE JUN: SBN 287973
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525
FAX: (619) 233-3221

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE GREER,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO *et al*.<br><br>    Defendants. | CASE NO. 19-cv-00378-JO-DEB<br><br>**PLAINTIFF'S MOTION TO COMPEL INFORMATION AND MATERIAL REGARDING THE SAN DIEGO COUNTY SHERIFF'S DEPARTMENT'S CRITICAL INCIDENT REVIEW BOARD (CIRB)**<br><br>Hon. Daniel E. Butcher |

# I. WRITTEN DISCOVERY IN DISPUTE

Plaintiff moves to compel Defendant County of San Diego to provide responses and responsive material to Plaintiff's Requests for Production (Set Four) nos. 52, 53, and 54. Plaintiff further moves to compel Defendant William Gore to provide responses to Plaintiff's Special Interrogatories (Set One) to William Gore nos. 1, 2, and 3. The subject matter of these specific requests by Plaintiff relate to the Critical Incident Review Board (CIRB), which is an internal body operating within the San Diego County Sheriff's Department.

The written discovery at issue consists of Plaintiff's propounded discovery requests and Defendants' responses, which are set forth as follows:

**REQUEST FOR PRODUCTION NO. 52:**

Any and all Critical Incident Review Board (CIRB) reports or memoranda REGARDING or RELATED TO the following in-custody jail deaths at San Diego County jails:

(1) Daniel Sisson, who died on or about June 25, 2011
(2) Bernard Victorianne, who died on or about September 19, 2012
(3) Kristopher NeSmith, who died on or about March 1, 2013
(4) Ronnie Sandoval, who died on or about February 23, 2014
(5) Jerry Lee Chochran, who died on or about September 16, 2014
(6) Ruben Nunez, who died on or about August 13, 2015
(7) Jason Nishimoto, who died on or about September 27, 2015
(8) Richard Boulanger, who died on or about February 14, 2016
(9) Adrian Sanchez, who died on or about May 3, 2016
(10) Heron Moriarty, who died on or about May 31, 2016
(11) Bruce Madsen Stucki, who died on or about March 18, 2017
(12) Wellington Robert Kemplin, who died on or about August 15, 2017

///
///

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Responding party objects to the request on the grounds that it is beyond the scope of permissible discovery because the request is not reasonably related to any party's claim or defense and is not proportional to the needs of the case in light of the factors set forth in Federal Rules of Civil Procedure, Rule 26(b )(1 ). The responding party further objects on the grounds that the request seeks materials protected from disclosure in that they contain information pertaining to remedial measures and disciplinary recommendations, materials protected from disclosure by the deliberative process, self-critical analysis, required reports, and official information privileges, and privileged material subject to disclosure under California Penal Code section 832.7(a) and Evidence Code section 1043. The request violates the right of privacy under the United States and California Constitutions. Additionally, responding party objects to this request on the grounds that any critical incident review documents would be protected from disclosure by the attorney-client privilege and work-product doctrine. Responding party will provide a privilege log in the event the court decides that any privileged documents are within the permissible scope of discovery.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Responding party objects to the request on the grounds that it is beyond the scope of permissible discovery because the request is not reasonably related to any party's claim or defense and is not proportional to the needs of the case in light of the factors set forth in Federal Rules of Civil Procedure, Rule 26(b )(1 ). The responding party further objects on the grounds that the request seeks materials protected from disclosure in that they contain information pertaining to remedial measures and disciplinary recommendations, materials protected from disclosure by the deliberative process, self-critical analysis, required reports, and official information privileges, and privileged material subject to disclosure under California Penal Code section 832.7(a) and Evidence Code section 1043. The request violates

the right of privacy under the United States and California Constitutions. Additionally, responding party objects to this request on the grounds that any critical incident review documents would be protected from disclosure by the attorney-client privilege and work-product doctrine.

Without waiving said objections, a diligent search and reasonable inquiry has been made in an effort to locate the item requested relating to Bruce Madsen Stucki. The responding party is unable to comply because the document requested does not exist.

Without waiving said objections, a diligent search and reasonable inquiry has been made in an effort to locate the items requested relating to the remaining individuals. The responding party is unable to comply because there are no non-privileged documents in the possession, custody or control of the responding party. All privileged documents are being withheld. Served herewith is the County of San Diego's log of privileged documents and declarations asserting that the requested documents are protected from disclosure. See CSD00594-00602; CSD00951-00995; CSD01606-01618; CSD02509-02510; CSD03427-03474; CSD03963-03971; CSD04523-04530; CSD05044-05048; CSD05868-05878; CSD06840-06858; CSD-08055-08057 listed in the privilege log.

**REQUEST FOR PRODUCTION NO. 53:**

A list of attendees, including the name of each person and a description of that person's job title or role, present at any CIRB meeting REGARDING or RELATED TO the following in-custody jail deaths at San Diego County jails:

(1) Daniel Sisson, who died on or about June 25, 2011
(2) Bernard Victorianne, who died on or about September 19, 2012
(3) Kristopher NeSmith, who died on or about March 1, 2013
(4) Ronnie Sandoval, who died on or about February 23, 2014
(5) Jerry Lee Chochran, who died on or about September 16, 2014
(6) Ruben Nunez, who died on or about August 13, 2015

    (7) Jason Nishimoto, who died on or about September 27, 2015

    (8) Richard Boulanger, who died on or about February 14, 2016

    (9) Adrian Sanchez, who died on or about May 3, 2016

    (10) Heron Moriarty, who died on or about May 31, 2016

    (11) Bruce Madsen Stucki, who died on or about March 18, 2017

    (12) Wellington Robert Kemplin, who died on or about August 15, 2017

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Responding party objects to the request on the grounds that it is beyond the scope of permissible discovery because the request is not reasonably related to any party's claim or defense and is not proportional to the needs of the case in light of the factors set forth in Federal Rules of Civil Procedure, Rule 26(b)(1). The responding party further objects on the grounds that the request seeks materials protected from disclosure in that they contain information pertaining to remedial measures and disciplinary recommendations, materials protected from disclosure by the deliberative process, self-critical analysis, required reports, and official information privileges, and privileged material subject to disclosure under California Penal Code section 832.7(a) and Evidence Code section 1043. The request violates the right of privacy under the United States and California Constitutions. Additionally, responding party objects to this request on the grounds that any critical incident review documents would be protected from disclosure by the attorney-client privilege and work-product doctrine. Responding party will provide a privilege log in the event the court decides that any privileged documents are within the permissible scope of discovery.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Responding party objects to the request on the grounds that it is beyond the scope of permissible discovery because the request is not reasonably related to any party's claim or defense and is not proportional to the needs of the case in light of the factors set forth in Federal Rules of Civil Procedure, Rule 26(b)(1). The

- 4 -

responding party further objects on the grounds that the request seeks materials protected from disclosure in that they contain information pertaining to remedial measures and disciplinary recommendations, materials protected from disclosure by the deliberative process, self-critical analysis, required reports, and official information privileges, and privileged material subject to disclosure under California Penal Code section 832.7(a) and Evidence Code section 1043. The request violates the right of privacy under the United States and California Constitutions. Additionally, responding party objects to this request on the grounds that any critical incident review documents would be protected from disclosure by the attorney-client privilege and work-product doctrine.

Without waiving said objections, a diligent search and reasonable inquiry has been made in an effort to locate the item requested relating to Bruce Madsen Stucki. The responding party is unable to comply because the document requested does not exist.

Without waiving said objections, a diligent search and reasonable inquiry has been made in an effort to locate the items requested relating to the remaining individuals. The responding party is unable to comply because a non-privileged list of attendees, including the name of each person and a description of that person's job title or role, does not exist. Any list of attendees present at any CIRB meeting is contained within attorney-client privileged documents being withheld. Served herewith is the County of San Diego's log of privileged documents and declarations asserting that the requested documents are protected from disclosure. See CSD00594-00602; CSD00951-00995; CSD01606-01618; CSD02509-02510; CSD03427-03474; CSD03963-03971; CSD04523-04530; CSD05044-05048; CSD05868-05878; CSD06840-06858; CSD-08055-08057 listed in the privilege log.

///

///

///

1  **REQUEST FOR PRODUCTION NO. 54:**

2  All records, materials, and tangible things provided to the Critical Incident
3  Review Board REGARDING or RELATED TO the following in-custody jail
4  deaths at San Diego County jails:
5      (1) Daniel Sisson, who died on or about June 25, 2011
6      (2) Bernard Victorianne, who died on or about September 19, 2012
7      (3) Kristopher NeSmith, who died on or about March 1, 2013
8      (4) Ronnie Sandoval, who died on or about February 23, 2014
9      (5) Jerry Lee Chochran, who died on or about September 16, 2014
10     (6) Ruben Nunez, who died on or about August 13, 2015
11     (7) Jason Nishimoto, who died on or about September 27, 2015
12     (8) Richard Boulanger, who died on or about February 14, 2016
13     (9) Adrian Sanchez, who died on or about May 3, 2016
14    (10) Heron Moriarty, who died on or about May 31, 2016
15    (11) Bruce Madsen Stucki, who died on or about March 18, 2017
16    (12) Wellington Robert Kemplin, who died on or about August 15, 2017

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

18 Responding party objects to the request on the grounds that it is beyond the
19 scope of permissible discovery because the request is not reasonably related to any
20 party's claim or defense and is not proportional to the needs of the case in light of
21 the factors set forth in Federal Rules of Civil Procedure, Rule 26(b)(1). The
22 responding party further objects on the grounds that the request seeks materials
23 protected from disclosure in that they contain information pertaining to remedial
24 measures and disciplinary recommendations, materials protected from disclosure
25 by the deliberative process, self-critical analysis, required reports, and official
26 information privileges, and privileged material subject to disclosure under
27 California Penal Code section 832.7(a) and Evidence Code section 1043. The
28 request violates the right of privacy under the United States and California

Constitutions. Additionally, responding party objects to this request on the grounds that any critical incident review documents would be protected from disclosure by the attorney-client privilege and work-product doctrine. Responding party will provide a privilege log in the event the court decides that any privileged documents are within the permissible scope of discovery.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Responding party objects to the request on the grounds that it is beyond the scope of permissible discovery because the request is not reasonably related to any party's claim or defense and is not proportional to the needs of the case in light of the factors set forth in Federal Rules of Civil Procedure, Rule 26(b )(1). The responding party further objects on the grounds that the request seeks materials protected from disclosure in that they contain information pertaining to remedial measures and disciplinary recommendations, materials protected from disclosure by the deliberative process, self-critical analysis, required reports, and official information privileges, and privileged material subject to disclosure under California Penal Code section 832.7(a) and Evidence Code section 1043. The request violates the right of privacy under the United States and California Constitutions. Additionally, responding party objects to this request on the grounds that any critical incident review documents would be protected from disclosure by the attorney-client privilege and work-product doctrine.

Without waiving said objections, a diligent search and reasonable inquiry has been made in an effort to locate the items requested relating to the remaining individuals. The responding party is unable to comply because there are no non-privileged documents in the possession, custody or control of the responding party. All privileged documents that are in the possession, custody and control of responding party are listed in the County of San Diego's log of privileged documents. See CSD0096-00995; CSD 03427-03474

**INTERROGATORY NO. 1:**

For the period of March 1, 2014 to March 1, 2018, please provide the following information for each Critical Incident Review Board (CIRB) meeting that YOU attended:

    a. Date of the CIRB meeting; and

    b. First and last name of the decedent/detainee/arrestee/suspect whose interaction with Sheriff's Department employees or agents led to the incident that was the subject of the CIRB review.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

    a. I attended some CIRB meetings; the date of the meetings I have attended is unknown to me.

    b. Responding party objects to the request on the grounds that it is beyond the scope of permissible discovery because the request is not reasonably related to any party's claim or defense, is overbroad as to time and unduly burdensome, and is not proportional to the needs of the case in light of the factors set forth in Federal Rules of Civil Procedure, Rule 26(b)(1). Responding Party further objects to the interrogatory on the grounds it seeks privileged information protected from disclosure by the deliberative process, self-critical analysis, and official information privileges and privileged material subject to disclosure under California Penal Code section 832.7(a) and Evidence Code section 1043. Responding party further objects that the request violates the right of privacy of third parties under the United States and California constitutions. Responding party further objects to this interrogatory on the grounds that any information relating to the critical incident review process is protected from disclosure by the attorney-client privilege and work-product doctrine.

**SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

- 8 -

a. Responding party objects to this request on the grounds the information is protected from disclosure by the attorney-client privilege and work-product doctrine. Without waiving said objection, although I have attended some CIRB meetings, I do not recall the dates of the meetings and I do not have sufficient information to enable me to provide a response to this request.

b. Responding party objects to the request on the grounds that it is beyond the scope of permissible discovery because the request is not reasonably related to any party's claim or defense, is overbroad as to time and unduly burdensome, and is not proportional to the needs of the case in light of the factors set forth in Federal Rules of Civil Procedure, Rule 26(b)(l). Responding Party further objects to the interrogatory on the grounds it seeks privileged information protected from disclosure by the deliberative process, self-critical analysis, and official information privileges and privileged material subject to disclosure under California Penal Code section 832.7(a) and Evidence Code section 1043. Responding party further objects that the request violates the right of privacy of third parties under the United States and California constitutions. Responding party further objects to this interrogatory on the grounds that any information relating to the critical incident review process is protected from disclosure by the attorney-client privilege and work-product doctrine.

**INTERROGATORY NO. 2:**

For the period of March 1, 2014 to March 1, 2018, did you recommend, authorize, and/or approve the imposition of discipline for any Sheriff's Department employee, agent, or deputy involved in the CIRB incidences identified in response to Interrogatory No. 1?

**RESPONSE TO SPECIAL INTERROGATORY NO. 2**

Responding party objects to the request on the grounds that it is beyond the scope of permissible discovery because the request is not reasonably related to any

party's claim or defense, is overbroad as to time and unduly burdensome, and is not proportional to the needs of the case in light of the factors set forth in Federal Rules of Civil Procedure, Rule 26(b)(1). Responding party further objects that this interrogatory seeks materials protected from disclosure in that they contain information pertaining to remedial measures and disciplinary recommendations, materials protected from disclosure by the deliberative process, self-critical analysis, required reports, and official information privileges, and privileged material subject to disclosure under California Penal Code section 832.7(a) and Evidence Code section 1043. Responding party further objects that the request violates the right of privacy of third parties under the United States and California constitutions. Responding party further objects to this interrogatory on the grounds that any information relating to the critical incident review process is protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to the foregoing objections, and without waiving them, responding party responds as follows:

Not applicable; no "CIRB incidences" are identified in response to Interrogatory No. 1.

**INTERROGATORY NO. 3**:

If your answer to Interrogatory No. 2 is yes, please identify and describe each incident in which you recommended, authorized, and/or approved the imposition of discipline for a Sheriff's Department employee or agent. For purposes of this interrogatory, "identify each incident" means stating the first and last name of the decedent/detainee/arrestee/suspect whose interaction with Sheriff's Department employees or agents led to the incident that was the subject of CIRB's review.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3**

Responding party objects to the request on the grounds that it is beyond the

scope of permissible discovery because the request is not reasonably related to any party's claim or defense, is overbroad as to time and unduly burdensome, and is not proportional to the needs of the case in light of the factors set forth in Federal Rules of Civil Procedure, Rule 26(b)(1). Responding party further objects that this interrogatory seeks materials protected from disclosure in that they contain information pertaining to remedial measures and disciplinary recommendations, materials protected from disclosure by the deliberative process, self-critical analysis, required reports, and official information privileges, and privileged material subject to disclosure under California Penal Code section 832.7(a) and Evidence Code section 1043. Responding party further objects that the request violates the right of privacy of third parties under the United States and California constitutions. Responding party further objects to this interrogatory on the grounds that any information relating to the critical incident review process is protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to the foregoing objections, and without waiving them, responding party responds as follows:

Not applicable.

## II. MOTION

Plaintiff's motion to compel is based on the instant motion; the attached memorandum of points and authorities; the declaration of Grace Jun; Plaintiff's appendix volumes 1 and 2; and the files and records in this case.

Respectfully Submitted,

Dated March 25, 2022  **IREDALE AND YOO, APC**

s/ Grace Jun
EUGENE IREDALE
JULIA YOO
GRACE JUN
Attorneys for Plaintiff FRANKIE GREER

- 11