UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE GREER,<br><br>                           Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                         Defendants. | Case No.: 19-cv-378-JO-DEB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT WILLIAM GORE**<br><br>**[DKT. NO. 147]** |

## I.    INTRODUCTION

Before the Court is Plaintiff Frankie Greer's ("Plaintiff") Motion to Compel the Deposition of Defendant William Gore ("Gore"), the former San Diego County Sheriff. Dkt. No. 147.[1] Defendants County of San Diego ("the County") and Gore oppose the Motion (Dkt. No. 150), and Plaintiff has filed a reply brief (Dkt. No. 154). For the reasons set forth below, the Court denies Plaintiff's Motion.

//

//

---

[1] When referencing page numbers for documents filed with the Court, the Court's citation refers to the page numbers assigned by the Court's CM-ECF system.

## II. BACKGROUND

The Court summarized Plaintiff's claims in its December 17, 2021 Order on the parties' Joint Motion for Determination of Discovery Dispute. Dkt. No. 117 at 2–3. Relevant to this Motion, Plaintiff's theory of liability against Gore is premised on Gore's alleged inaction, which requires Plaintiff show Gore had "knowledge of and acquiescence[d] in unconstitutional conduct by [his] subordinates." *See Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011). Specifically, Plaintiff alleges Gore acted with deliberate indifference by failing to train, monitor, supervise, and discipline County jail personnel despite a known history of failures to: (1) communicate critical medical information and coordinate the care of seriously ill inmates; (2) provide seriously ill inmates emergency medical care; and (3) properly monitor seriously ill inmates. Dkt. No. 59 ¶¶ 119, 120, 129–32, 264–68, 278–85.

On February 3, 2022, the day Gore retired as Sheriff, Plaintiff noticed Gore's deposition. Dkt. No. 147-1 at 4. Gore claims the apex doctrine precludes his deposition because "[P]laintiff has not met his burden of demonstrating exceptional circumstances justifying [it] . . . ." Dkt. No. 150 at 6. Plaintiff then filed his Motion. Dkt. No. 147.

## III. LEGAL STANDARD

A party seeking to prevent a deposition must generally meet a high burden. *Hunt v. Cont'l Cas. Co.*, No. 13-cv-05966-HSG, 2015 WL 1518067, at *1 (N.D. Cal. Apr. 3, 2015) ("Absent extraordinary circumstances, it is rare for a court to disallow the taking of a deposition.") (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). However, for depositions of high-ranking executives or officials – so-called "apex" witnesses – the burden is placed on the party seeking the deposition to show extraordinary circumstances justify the deposition. *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. Apr. 4, 2012). This rule arises out of the "tremendous potential for abuse or harassment" inherent in such a deposition. *Id.*

The apex doctrine exists to protect officials from: (1) discovery that burdens the performance of their duties (especially given the frequency such officials are typically

named in lawsuits); and (2) unwarranted inquiries into their decision-making process. *Coleman v. Schwarzenegger*, Nos. S-90-cv-0520-LKK-JFM-P, C-01-cv-1351-TEH, 2008 WL 4300437 at *2 (E.D. Cal. Sept. 15, 2008) (citing *In re United States of America*, 985 F.2d 510, 512 (11th Cir. 1993) and *United States v. Morgan*, 313 U.S. 409, 422 (1941)). Heads of government agencies in particular "are not normally subject to deposition" absent extraordinary circumstances. *Green v. Baca*, 226 F.R.D. 624, 648 (C.D. Cal. 2005) (quoting *Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979) and collecting cases).

To invoke apex protection, the party resisting discovery must first demonstrate they are a high-ranking official. *Myles v. County of San Diego*, No. 15-cv-1985-BEN-BLM, 2016 WL 4366543, at *3 (S.D. Cal. Aug. 15, 2016). Once this is established, "the party seeking the deposition must 'show: (1) the official's testimony is necessary to obtain relevant information that is not available from any other source; (2) the official has first-hand information that cannot reasonably be obtained from other sources; (3) the testimony is essential to the case at hand; (4) the deposition would not significantly interfere with the ability of the official to perform his government duties; and (5) the evidence sought is not available through less burdensome means or alternative sources.'" *Id*. (quoting *Thomas v. Cate*, No. 05-cv-01198-LJO-JMD-HC, 2010 WL 1343789, at *1 (E.D. Cal. Apr. 5, 2010)); *see also Coleman*, 2008 WL 4300437 at *2 ("The extraordinary circumstances test may be met where high-ranking officials 'have direct personal factual information pertaining to material issues in an action,' and 'the information to be gained is not available through any other sources.'") (quoting *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007)).

Moreover, when a high-ranking official is "removed from the daily subjects of the litigation, [and] has no unique personal knowledge of the facts at issue, a deposition of the official is improper." *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. 05-cv-4374-MMC-JL, 2007 WL 205067 at *3 (N.D. Cal. Jan. 25, 2007) (internal quotation marks omitted). As a result, "courts generally refuse to allow the immediate deposition of a high level executive . . . before the testimony of lower level employees with more intimate knowledge

of the case has been secured." *Cannavan v. Cty of Ventura*, No. 20-cv-10012-FMO-PVCx, 2021 WL 4945186 at *7 (C.D. Cal. July 16, 2021) (quoting *Google Inc. v. Am. Blind & Wallpaper Factory, Inc.*, No. 03-cv-5340-JF-RS, 2006 WL 2578277 at *3 n.3 (N.D. Cal. Sept. 6, 2006)).

## IV.   DISCUSSION

Plaintiff argues the apex doctrine is not implicated because Gore is retired. Dkt. No. 147-1 at 4–5. Plaintiff further argues even if the apex doctrine applies, Gore's deposition is necessary because "Plaintiff has already exhausted less intrusive discovery methods" and, to establish liability, he must show "Gore was personally aware of unconstitutional conditions of confinement causing a high number of inmate deaths." *Id.* at 6.

The County and Gore contend the apex doctrine applies despite Gore's retirement. Dkt. No. 150 at 6–9. They further argue no extraordinary circumstances exist because "Plaintiff has failed to demonstrate that Sheriff Gore has any unique, first-hand knowledge of the incident relating to [Plaintiff]." *Id.* at 14. Lastly, they argue that Plaintiff has not exhausted less intrusive discovery, noting "[i]nformation concerning the policies and procedures relating to reporting and responding to medical needs, training, and supervision and disciplining of staff can be obtained from a [Fed. R. Civ. P. 30(b)(6)] designated agent of the San Diego County Sheriff's Department." *Id.* at 21.

### A.   Gore May Invoke the Protection of the Apex Doctrine

Plaintiff concedes the apex doctrine applies to sheriffs but argues "the public policy concerns underlying the apex doctrine are not implicated when the official is retired." Dkt. No. 147-1 at 4–6 (citing *Givens v. Newsom*, No. 20-cv-0852-JAM-CKD, 2021 WL 65878, at *6 (E.D. Cal. Jan. 7, 2021)).

*Givens*, however, states "the apex doctrine applies beyond the end of a government official's term, albeit with less force . . . ." *Givens*, 2021 WL 65878, at *9; *see also K.C.R. v. County of Los Angeles*, No. 13-cv-3806-PSG-SSx, 2014 U.S. Dist. LEXIS 98279, at *3

(C.D. Cal. 2014) ("Executives and high-ranking officials continue to be protected by the apex doctrine even after leaving office.").

Plaintiff, therefore, must "provide a reasonably firm basis for the court to assess whether [Gore's] deposition is justified . . . ." *Givens*, 2021 WL 65878, at *9.

### B. Plaintiff has not Shown Gore has Unique, First-Hand Knowledge that Cannot be Obtained Through Less Burdensome Means

Plaintiff contends he may depose Gore because (1) he "must show Gore was personally aware of unconstitutional conditions of confinement causing a high number of inmate deaths," and (2) "Plaintiff has already exhausted less intrusive discovery methods by propounding written discovery. . . ." Dkt. No. 147-1 at 6.

As an initial matter, Plaintiff has not shown that Gore has any unique, first-hand knowledge of the specific circumstances at issue. Plaintiff claims "Gore's public statements indicate he has unique, personal knowledge of the circumstances regarding the deaths of inmates in custody." Dkt. No. 147-1 at 8–9 (citing *San Diego County Sheriff's Department: It Has Failed to Adequately Prevent and Respond to the Deaths of Individuals in Its Custody,* California State Auditor (Feb. 2022), http://auditor.ca.gov/pdfs/reports/2021-109.pdf at 83, 96)). This document, however, post-dates the events at issue here by four years and sheds no light on Gore's pre-incident knowledge of the jail conditions Plaintiff alleges contributed to his fall and injuries. *See Myles*, 2016 WL 4366543 at *4 ("The fact that Sheriff Gore spoke at a press conference addressing a different incident [involving the same deputy] that occurred many months after the incident in this case . . . does not justify deposing Sheriff Gore . . . .").

The Court also finds Plaintiff has not exhausted less intrusive methods for obtaining the information he seeks through Gore's deposition: "issues of training, policy, and discipline." Dkt. No. 147-1; *see also id.* at 4 ("Gore's actions and inactions in the training, control, oversight, and discipline of his subordinate"), and 7 ("(1) failing to properly report and respond to serious medical needs; (2) failing to properly train staff; and (3) failing to properly supervise and discipline."). As the County and Gore point out, Plaintiff has not

pursued Rule 30(b)(6) depositions on any of these topics. Dkt. No. 150 at 19–21. This failure, combined with Plaintiff's failure to show Gore has first-hand non-repetitive knowledge of "issues of training, policy, and discipline" (Dkt. No. 147-1), compels denial of the Motion. *See Topete v. City of Mesa*, No. 18-cv-3127-PHX-ROS-ESW, 2020 WL 8872800 at *2 (D. Ariz. Apr. 29, 2020) (denying deposition of Police Chief under the apex doctrine because plaintiff had not shown the Chief "has unique first-hand, non-repetitive knowledge of the material facts" and plaintiff had not pursued the "less intrusive discovery method" of deposing "[w]itnesses who are familiar with the enactment of policies and procedures and the training of officers relevant to plaintiff's *Monell* claim . . . .").[2]

## IV.  CONCLUSION

Based on the foregoing, Plaintiff's Motion is denied.

**IT IS SO ORDERED.**

Dated: June 14, 2022

_____
Honorable Daniel E. Butcher
United States Magistrate Judge

---

[2] Although Plaintiff contends Gore provided evasive responses to written discovery, Dkt. Nos. 10–21, written discovery against Gore does not obviate the need for Plaintiff to first pursue the information it seeks through lower-level employees. *See Cannavan*, 2021 WL 4945186 at *7 ("[C]ourts generally refuse to allow the immediate deposition of a high level executive . . . before the testimony of lower level employees with more intimate knowledge of the case has been secured.") (internal quotation marks omitted); *Sargent v. City of Seattle*, No. 12-cv-1232-TSZ, 2013 WL 1898213 at *5 (W.D. Wash. May 7, 2013) (denying deposition of Police Chief under the apex doctrine where the plaintiff "has not demonstrated that Chief Diaz has any information about this policy that could not be obtained from another witness designated by the City.").