UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE GREER,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 19-cv-378-JO-DEB<br><br>**ORDER DENYING:**<br><br>(1) **PLAINTIFF'S MOTION TO COMPEL THE COUNTY'S RESPONSES TO REQUESTS FOR PRODUCTION (SET FOUR) NOS. 42 THROUGH 51; AND**<br><br>(2) **PLAINTIFF'S SEALING MOTION**<br><br>**[DKT. NOS. 220, 221]** |

Before the Court are: (1) Plaintiff's Motion to Compel Defendant County of San Diego's Responses to Requests for Production (Set Four) Nos. 42 Through 51 (Dkt. No. 220, "Motion to Compel"), and (2) Motion for Determination as to Whether Exhibit 2 Should be Filed Under Seal (Dkt. No. 221, "Sealing Motion"). Defendant, the County of San Diego ("County"), opposes the Motion to Compel and has responded to the Sealing Motion. Dkt. Nos. 224, 225.

/ /

/ /

1

Plaintiff's Motion to Compel comes one year after Plaintiff propounded the discovery in question, seven months after the County served its supplemental (and final) response and objections to the discovery, and three months after the fact discovery cut-off. The Court, therefore, **DENIES** the Motion to Compel as untimely, **DENIES** Plaintiff's alternative request to reopen discovery, and **DENIES** the Sealing Motion.

## I. PROCEDURAL BACKGROUND

This Motion to Compel arises out of Plaintiff's Requests for Production (Set Four) ("RFP Set Four"), which Plaintiff propounded on August 9, 2021. Dkt. No. 220-2, ¶ 2. Plaintiff's discovery sought documents relating to previous alleged failures of medical care at the County's jails. Dkt. No. 113 at 2–13.[1] The County initially responded on September 22, 2021, and asserted relevance, proportionality, and third-party privacy objections to the requested documents. Dkt. Nos. 113 at 2–13, 220-2, ¶ 3.

Plaintiff challenged the County's objections and brought a timely Motion to Compel (Dkt. No. 113), which the Court granted on December 17, 2021 (Dkt. No. 117, "Discovery Order"). The Court's Discovery Order required the County to produce all non-privileged responsive documents and a privilege log for all privilege asserted documents. Dkt. No. 117. The County timely served supplemental responses (Dkt. No. 220-3), its privilege log (Dkt. No. 148-3 at 28–47), and supporting declarations (Dkt. Nos. 148-3 at 48–51, 220-5, 220-6). The County's privilege log asserted privilege and protection claims, including attorney-client, official information, deliberative process, self-critical analysis, law enforcement investigatory privileges, and work-product protection. Dkt. No. 148-3 at 28–47.

Following the Court's Discovery Order, Plaintiff timely filed a Motion to Compel challenging the County's privilege assertions for documents responsive to RFP Set Four

---

[1] When referencing page numbers for documents filed with the Court, the Court's citation refers to the page numbers assigned by the Court's CM-ECF system.

Nos. 52–54, but not Nos. 42–51. Dkt. No. 148. The Court granted Plaintiff's motion. Dkt. No. 226.

On May 27, 2022, fact discovery closed. Dkt. No. 144. In August 2022, however, more than five months after the County served the supplemental responses and privilege log at issue, four months after Plaintiff filed his Motion to Compel further responses to RFP Set Four Nos. 52–54, and more than two months after fact discovery closed, Plaintiff informed the Court he wished to initiate a dispute over the County's withholding of documents responsive to RFP Set Four Nos. 42–51. Dkt. No. 188. On September 28, 2022, after meeting and conferring with counsel and participating in two informal Discovery Conferences with the Court (Dkt. Nos. 204, 219), Plaintiff filed this Motion to Compel (Dkt. No. 220). Although styled as a Motion to Compel the County "to provide records responsive to [RFP Set Four's] Nos. 42 through 51," Plaintiff also seeks leave to file the untimely motion. Dkt. Nos. 220 at 2, 220-1 at 2.

## II.  LEGAL STANDARDS

Parties seeking to compel discovery must do so in a timely manner. *See KST Data, Inc. v. DXC Tech. Co.*, 344 F. Supp. 3d 1132, 1135–36 (C.D. Cal. 2018) (denying motion to compel filed four weeks before discovery cut-off because it was untimely); *Washington v. Gustafson*, No. 14-cv-0628-TLN-DB, 2017 WL 616438, at *1 (E.D. Cal. Feb. 15, 2017) (denying motion to compel filed three weeks after scheduling order deadline because it was untimely); *Cornerstone Staffing Sols., Inc. v. James*, No. 12-cv-1527-RS-JCS, 2015 WL 13037133, at *1 (N.D. Cal. June 8, 2015) (denying motion to compel as untimely, where motion was filed after deadlines established by local rule and court order), *objections overruled*, 2015 WL 13037132 (N.D. Cal. June 24, 2015).

This Court's Chambers Rules specifically require counsel to raise any discovery disputes with the court "within thirty (30) days of the date of the event giving rise to the dispute." Mag. J. Daniel E. Butcher Civ. Chambers R. VI. E. (S.D. Cal., Aug. 19, 2022); *see also* Dkt. No. 36 at 2 ("If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the

undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue.**") (emphasis in original).

A request to modify the scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4); *see also* Dkt. No. 36 at 6 (stating the dates set forth in the Scheduling Order Regulating Discovery and Other Pretrial Proceedings "will not be modified except for good cause shown"). The "'good cause' inquiry focuses primarily on the diligence of the requesting party." *Sheridan v. Reinke*, 611 F. App'x. 381, 384 (9th Cir. 2015); *see also Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) ("We decline to limit the district court's ability to control its docket by enforcing a discovery termination date, even in the face of requested supplemental discovery that might have revealed highly probative evidence, when the plaintiff's prior discovery efforts were not diligent.").

A party seeking relief from a deadline that has already passed must demonstrate both excusable neglect and good cause. Fed. R. Civ. P. 6(b)(1)(B) (stating "the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect"); *see also Clay v. Cytosport, Inc.*, 15-cv-0165-L-DHB, 2016 WL 11523615 at *5 (S.D. Cal. Oct. 19, 2016) (considering motion to re-open discovery under Rule 6(b)(1)(B)).

### III. DISCUSSION

Plaintiff's present Motion to Compel is untimely under the Court's Chambers Rules and the operative Scheduling Order. The Court's Chambers Rules require counsel to raise any discovery disputes with the court "within thirty (30) days of the date of the event giving rise to the dispute." Civ. Chambers R. VI. E. The Court's Scheduling Order also informed the parties about this deadline and expressly warned that a "**failure to comply in this regard will result in a waiver of a party's discovery issue.**") Dkt. No. 36 at 2 (emphasis in original). The Court also ordered the parties to complete their fact discovery on or before May 27, 2022. Dkt. No. 144.

The event that gave rise to the present dispute occurred on February 14, 2022, when the County produced the privilege log asserting the privileges and protections Plaintiff now

seeks to defeat. Plaintiff, however, did not raise these challenges with the Court within thirty days as he was required to do. Instead, Plaintiff first raised his challenges in August 2022, more than five months after the County asserted the privileges and more than two months after the Court's fact discovery cut-off. Plaintiff's Motion to Compel, therefore, is untimely. *Cornwell,* 439 F.3d at 1027; *see also Stoba v. Saveology.com, LLC*, No. 13-cv-02925-BAS-NLS, 2015 WL 5040024, at *6 (S.D. Cal. Aug. 26, 2015) (affirming Magistrate Judge's denial of motion to compel as untimely under deadline established in the Magistrate Judge's Chambers Rules and recognizing "there is 'sound circuit-wide policy' supporting the enforcement of Rule 16 deadlines") (citation omitted).

Plaintiff implicitly concedes his Motion to Compel is untimely and requests the Court retroactively extend the time to file it, explaining he "did not immediately [upon receipt of the County's privilege log] move to compel" documents responsive to RFP Set Four's Nos. 42–51 due to counsel's "confusion and mistake" arising from the "procedural uncertainty" of the County's then pending Motion to Bifurcate and Stay and objections to the December 17, 2021 Discovery Order. Dkt. No. 220-1 at 2. Plaintiff's explanation, however, fails to establish either good cause to reopen discovery or excusable neglect for his failure to timely challenge the County's objections to RFP Set Four's Nos. 42–51.

The County's Motion to Bifurcate and Stay and objections to the December 17, 2022 Discovery Order did not create any uncertainty over whether *Monell* discovery could proceed. To the contrary, on January 11, 2022, the Court denied the County's ex parte application "request[ing] that the Court stay *Monell* discovery, including the [December 17, 2021 Discovery Order] pending a decision on Defendants' motion to bifurcate and to stay plaintiff's *Monell* claims and related discovery." Dkt. No. 120 at 3; Dkt. No. 127.

Consistent with the Court's denial of Plaintiff's ex parte application to stay *Monell* discovery, Plaintiff continued to pursue *Monell* discovery while the County's Motion to Bifurcate and Stay and objections were pending. Plaintiff timely filed a motion to compel the *Monell* directed discovery sought in RFP Set Four Nos. 52–54 (Dkt. No. 148), and also timely filed a motion for leave to conduct Sheriff Gore's deposition (Dkt. No. 147). And

1  on February 7, 2022, Plaintiff served a fifth request for production of documents seeking
2  additional *Monell* discovery. Dkt. No. 224-1, ¶ 3.
3        The Court, therefore, finds Plaintiff did not diligently pursue his challenge to the
4  County's claims for withholding documents responsive to RFP Set Four's Nos. 42–51 and
5  has not established either excusable neglect or good cause to obtain relief from the Court's
6  filing deadline. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992)
7  ("Although the existence or degree of prejudice to the party opposing the modification
8  might supply additional reasons to deny a motion, the focus of the inquiry is upon the
9  moving party's reasons for seeking modification. If that party was not diligent, the inquiry
10 should end.") (citation omitted). Nor has Plaintiff shown excusable neglect for his lack of
11 diligence. *Davis v. California Dep't of Corr. & Rehab.*, No. 08-cv-4481-SBA, 2013 WL
12 1208965, at *3 (N.D. Cal. Mar. 25, 2013) ("Plaintiffs' counsel's deliberate failure to take
13 depositions within the discovery period . . . does not constitute excusable neglect for
14 purposes of failure to meet a deadline."); *Latshaw v. Trainer Wortham & Co., Inc.*, 452
15 F.3d 1097, 1101 (9th Cir. 2006) ("[P]arties should be bound by and accountable for the
16 deliberate actions of themselves and their chosen counsel. This includes . . . an innocent,
17 albeit careless or negligent, attorney mistake . . . .").

18 **III.   SEALING MOTION**

19        Plaintiff includes the County's RFP Set Four privilege log as Exhibit 2 in support of
20 his Motion to Compel. Dkt. Nos. 220-4, 222. Although Plaintiff contends the privilege log
21 should be publicly filed, because the County designated the document as confidential, he
22 concurrently filed the Sealing Motion to allow the County the opportunity to provide its
23 position. Dkt. No. 221. On October 7, 2022, the County filed its response. Dkt. No. 225.
24        The County neither requests its privilege log be sealed nor provides any facts to
25 support a finding it should be sealed. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d
26 1172, 1180 (9th Cir. 2006) ("[T]he party must 'articulate compelling reasons supported by
27 specific factual findings' . . . that outweigh the general history of access and the public
28 policies favoring disclosure . . . .") (alteration in original) (citations omitted). Moreover, as

the County acknowledges, its privilege log has been viewable through the public docket since March 25, 2022, and the County has not filed any motion requesting that filing be sealed. Dkt. Nos. 148-3 at 28–47, 225. The Court, therefore, does not find good cause to seal the County's privilege log in connection with this Motion to Compel.

## IV.   CONCLUSION

Based on the foregoing, Plaintiff's Motion to Compel and Sealing Motion are DENIED.

**IT IS SO ORDERED.**

Dated:  November 15, 2022

_____
Honorable Daniel E. Butcher
United States Magistrate Judge