UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Greer,<br><br>                Plaintiff,<br><br>v.<br><br>County of San Diego et al.,<br><br>                Defendants. | Case No.: 19cv378-JO-DEB<br><br>**ORDER GRANTING MEDIA INTERVENORS' MOTION TO INTERVENE AND UNSEAL** |

      Plaintiff Frankie Greer brought this 42 U.S.C. § 1983 action because he suffered severe injuries while detained in San Diego Central Jail. After he settled his claims against the County of San Diego (the "County") and various jail officials, several media organizations filed a motion to intervene for the limited purpose of unsealing documents regarding inmate deaths and serious injuries which occurred in County jails. On May 31, 2023, the Court held oral argument on the motion brought by The San Diego Union Tribune, LLC, Prison Legal News, and Voice of San Diego (collectively, "Media Intervenors"). For the reasons stated below, the Court grants their motion to intervene and unseal documents.

# I. BACKGROUND

## A. Sheriff's Department Critical Incident Review Board

The Sheriff's Department Critical Incident Review Board ("CIRB") is an internal oversight board that reviews and investigates inmate deaths and serious injuries in San Diego County jails. Dkt. 148-4 at 118–19. When such "critical incidents" arise, the CIRB conducts a mandatory internal review process to determine whether the employees involved in the incident acted consistently with existing policies and training. *Id.* The CIRB also reviews all critical incidents "with the goal of identifying problem areas [in training and policies] and recommending remedial actions" to prevent future occurrences. *Id.* at 83–84. The Sheriff's Department Policy and Procedures Manual details the multiple purposes of the CIRB: (1) to "assess the department's civil exposure as a result of a given incident and to improve service delivery"; (2) to "determine as to whether or not a policy violation may exist"; (3) to make "recommendations for training based upon the analysis of critical incidents"; (4) to identify "policy issues of concern"; and (5) to "debrief [the employee] as to the results of the CIRB." *Id.* at 78–80. In addition to performing a crucial internal review function, the Sheriff's Department promotes the CIRB as an oversight board designed to build trust with the community and increase its accountability to the public. In a presentation entitled "A Glimpse Into Our Policies," the Sheriff's Department described the CIRB as an oversight body committed to (1) "building a culture of trust with our communities," (2) identifying opportunities for "change in its policies, procedure, and training to affect consistent positive outcomes . . ."; and (3) ensuring the "impartial and compassionate enforcement of the law." *Id.* at 81.

The CIRB review process involves the creation of several documents including memoranda, records, and reports containing specific findings on the inmate death or injury—the documents at the heart of these disputes. These CIRB documents detail the CIRB members' discussion on issues such as the facts surrounding the critical incident; policy considerations triggered by the incident; follow-up actions taken by the Sheriff's Department; and remedial training measures. *Id.* at 8. These reports also include charts,

photographs, and PowerPoint presentations that document the factual background of the incident. Dkt. 152-1 at ¶ 8.

Despite growing public interest in these CIRB documents, the County and the Sheriff's Department have consistently opposed their disclosure. Because of a high number of inmate deaths in San Diego County jails, the public has increasingly demanded access to the CIRB memoranda and reports. *See* Dkt. 359-2 (Decl. of Jeff Light), ¶ 3. For example, during her election campaign, San Diego Sheriff Kelly Martinez pledged to publicly release CIRB reports, although she later reversed her position once in office. *Id.*, ¶ 4. The fact that transparency into the CIRB process became the subject of campaign promises evidences the level of public interest in this information. Notwithstanding the public's demonstrated interest, the County has resisted public disclosure of these documents, and, for litigation purposes, consistently asserted attorney-client and work product privileges to oppose their production in discovery.

**B. The Parties' Underlying Litigation Over CIRB Discovery**

This case was no exception: throughout this litigation, the County maintained the position that CIRB documents were privileged. During discovery, Plaintiff sought the production of relevant CIRB memoranda, records, and reports to prove his claims (the "CIRB Discovery"). On the grounds that its Chief Legal Advisor attends these CIRB meetings, the County asserted attorney-client and work product privileges over the CIRB Discovery and sought to withhold it in litigation.[1] Dkt. 148-4 at 88.

The Court disagreed with the County's position on the privileged nature of these documents. On October 7, 2022, Judge Butcher granted Plaintiff's motion to compel the CIRB Discovery on the grounds that the CIRB's primary purpose was not to obtain legal advice and attorney-client privilege, therefore, did not protect the documents. Dkt. 226.

---

[1] The CIRB policies state that the department's legal advisor "should be a member of the CIRB board" to "potentially provide[] the ability to protect the confidentiality of the discussion under the cloak of the attorney-client privilege."

He also ruled that the CIRB Discovery was not privileged work product because the CIRB did not create these documents during or in anticipation of litigation. *See id.* When the County objected to Judge Butcher's ruling before this Court, this Court overruled the objections on the same grounds. Dkt. 267. The Court ruled that the attorney-client privilege did not apply because the CIRB's primary purpose was not for seeking or obtaining legal advice. *See id.* However, because legal advice was one of the purposes—albeit not the primary one—of the CIRB review process, the Court ordered the parties to meet and confer to submit tailored redactions excising privileged attorney-client material from the CIRB Discovery. *See id.* While the parties reached stipulations on a few limited redactions during this meet and confer process, the County asserted that the entirety of the CIRB memoranda and reports was attorney-client privileged contrary to the Court's express ruling. In doing so, it effectively waived its opportunity to perform tailored redactions of the CIRB Discovery.

After this redaction process, the Court ordered production of the CIRB Discovery but under provisional sealing. On December 21, 2022, the Court ordered the County to produce the CIRB Discovery with the limited stipulated redactions. Dkt. 276. On December 28, 2022, the County moved to stay the production of the CIRB Discovery citing irreparable harm from disclosure of privileged materials. Dkt. 277. On January 4, 2023, the Court ordered the County to produce the CIRB Discovery by January 9, 2023, under strict protective measures to curtail any potential irreparable harm while the County pursued immediate appellate relief. Dkt. 280. On January 6, 2023, the County petitioned the Ninth Circuit Court of Appeals seeking a writ of mandamus for relief from producing the CIRB Discovery. Dkt. 286. The Ninth Circuit denied the petition that same day. Dkt. 287. The County finally produced the CIRB Discovery under the protective measures ordered by the Court.

Documents in hand, Plaintiff filed the CIRB Discovery as part of its opposition to Defendants' summary judgment motions. Plaintiff initially filed these documents under conditional seal but while the motions for summary judgment were pending, he filed a

motion to unseal the CIRB Discovery, except for two pages which would remain redacted for inmate privacy reasons. Dkt. 337. On March 1, 2023, the Court denied the Defendants' motions for summary judgment. Dkt. 355. The day after the Court denied the motions, Plaintiff filed a notice of settlement. Dkt. 356. The Court thus vacated all pending motions, including Plaintiff's motion to unseal, as moot. Dkt. 357. Two weeks later, on April 11, 2023, the parties filed a joint motion to dismiss the County Defendants with prejudice, which the Court granted on April 12, 2023. Dkts. 360, 362.

**C. The Media Intervenors**

While the parties were working to finalize the settlement, the Media Intervenors moved to intervene and unseal the CIRB Discovery, asserting the public's right of access to these documents. Dkt. 359. Media Intervenors are news organizations that have reported on the San Diego County Sheriff's Department, including the deaths and injuries of inmates in San Diego County jails. Specifically, Prison Legal News is a project of the Human Rights Defense Center, a non-profit organization that advocates on behalf of prisoner rights. Dkt. 359 (Ex. 1, Decl. of Paul Wright), ¶ 1. The organization publishes a monthly newspaper and maintains a website, which both report on issues relating to prisoners' rights and other prison-related news. *Id.*, ¶ 2. Prison Legal News has extensively covered the alleged constitutional abuses in the San Diego County jails. *Id.*, ¶ 4. Similarly, Voice of San Diego is a non-profit news organization that pursues investigative journalism in the San Diego area. Dkt. 359 (Ex. 2, Decl. of Scott Lewis), ¶¶ 1–2. The organization reports on government functions and related issues. *Id.*, ¶ 3. Finally, the San Diego Union Tribune, LLC ("Union-Tribune") maintains a daily newspaper and website that regularly publishes articles on law enforcement and criminal justice issues. Decl. of Jeff Light, ¶ 2. Specifically, the Union-Tribune extensively covered the problems at the San Diego County jails where 185 individuals have died in custody between 2006 and 2020, another eighteen in 2021, and twenty in 2022. *Id.*, ¶ 3.

///

///

## II. MOTION TO INTERVENE

Media Intervenors seek to intervene in this action for the limited purpose of unsealing the CIRB Discovery filed in the underlying litigation. Rule 24(b)(1) permits a third party to intervene in an action for the purpose of accessing a judicial record. Fed. R. Civ. P. 24(b)(1); *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1100 (9th Cir. 1999). Ordinarily, a prospective intervenor must show "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *San Jose Mercury News*, 187 F.3d at 1100 (citing *League of United Latin Amer. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997)). However, a party who seeks to intervene solely to unseal filed documents only needs to show timeliness; it does not need to demonstrate independent jurisdiction or a common question of law or fact. *See Beckman Industries, Inc., v. International Ins. Co.*, 966 F.2d 470, 473–74 (9th Cir. 1999); *see also Cosgrove v. Nat'l Fire & Marine Ins. Co.*, 770 F. App'x 793, 795 (9th Cir. 2019). This "generous interpretation[] of Rule 24(b)" arises from the longstanding tradition of public access to court records—that is, "because of the need for an effective mechanism for third-party claims of access to information generated through judicial proceedings." *E.E.O.C. v. National Children's Center, Inc.*, 146 F.3d 1042, 1045 (D.D.C. 1998) (cleaned up) (finding "every circuit court" has concluded a third party may permissively intervene under Rule 24(b) for the limited purpose of seeking access to sealed materials). Permissive intervention is committed to the "broad discretion" of the district court. *Orange Cnty. v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986). In exercising its discretion, the district court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The Court first examines whether the Media Intervenors' motion is timely. In determining timeliness, a court considers three factors: "(1) the stage of the proceedings at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *San Jose Mercury News*, 187 F.3d at 1100–01 (citing *League

*of United Latin Amer. Citizens*, 131 F.3d at 1302).  In considering delay, the court looks to "when the intervenor first became aware that its interests would no longer be adequately protected by the parties." *Id.* at 1101.  Courts have allowed years-long delays in instances where an intervenor "is pressing the public's right of access to judicial records." *Id.*

Here, the Court finds that Media Intervenors did not delay in filing their motion to intervene.  Media Intervenors filed their motion just seventeen days after first becoming aware that Plaintiff would no longer pursue unsealing of the CIRB Discovery.  Specifically, on March 3, 2023, following Plaintiff's notice of settlement, the Court vacated the pending motion to unseal the CIRB Discovery.  Media Intervenors filed their motion on March 20, 2023, only a few weeks after the March 3 notice of settlement that informed Media Intervenors that Plaintiff would no longer pursue the unsealing of these CIRB documents.  On these facts, the Court finds no untimely delay.  *See Beckman*, 966 F.2d at 471, 473 (allowing permissive intervention two years after settlement of action); *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 785 (1st Cir. 1988) (collecting cases finding timely intervention even with "delays measured in years rather than weeks").

The Court also finds that the requested intervention for the limited purpose of unsealing documents would not unduly prejudice the original parties in the underlying litigation.  In this case, the Court dismissed the County Defendants from the action with prejudice on April 12, 2023.  The case is now closed and all litigation activity between the parties has ceased.  Accordingly, permissive intervention poses no prejudice in terms of delaying the proceedings or impacting the substance of the litigation.  *See San Jose Mercury News*, 187 F.3d at 1101; *see United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) ("Rule 24(b)'s timeliness requirement is to prevent prejudice in the adjudication of the rights of the existing parties, a concern not present when the existing parties have settled their dispute and intervention is for a collateral purpose.").

The County argues it will suffer undue prejudice from this intervention because the sealing of the CIRB Discovery was a bargained-for expectation of the parties and one of the key benefits of settlement for the County.  The County argues that, as a result, it did

not appeal the order compelling production of the CIRB Discovery or otherwise challenge the release of these materials—actions that it must now pursue if this motion is granted. Def. Opp'n at 17. The Ninth Circuit rejected a similar argument in *San Jose Mercury News*. 187 F.3d at 1101. There, defendants opposed a third-party newspaper's motion to intervene and unseal on the grounds of prejudicial delay; namely, they argued that they forewent other litigation strategies relying on the fact that the documents in question would remain sealed. The court rejected their argument as unreasonable, concluding that "[t]he right of access to court documents belongs to the public, and the [parties are] in no position to bargain that right away." *Id*. Similarly, here, any purported reliance by the County on the continued sealing of the CIRB Discovery is unreasonable given well-established principles of open access to the court. While the County may have reasonably expected that Plaintiff would no longer pursue unsealing, it should have been aware that, even after settlement, a third party may seek to intervene to unseal litigation documents. *See, e.g.*, *Beckman*, 966 F.2d at 470 (affirming order permitting intervention two years after settlement); *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1353–54 (9th Cir. 2013) (finding timeliness requirement satisfied years after litigation concluded). The County's argument that it relied on these documents remaining sealed is further weakened by the fact that the Media Intervenors filed their motion to intervene three weeks before the parties ultimately finalized their settlement on April 11, 2023. The Court therefore exercises its discretion to find that Media Intervenors' motion to intervene to seek public access to court filings is timely and will not prejudice the proceedings. Accordingly, the Court grants Media Intervenors' motion to intervene under Rule 24(b). The Court will proceed to analyze the merits of their request to unseal the CIRB Discovery below.

### III. MOTION TO UNSEAL CIRB DISCOVERY

Media Intervenors seek to unseal the CIRB Discovery based on the public's right of access to judicial records. Open access to the courts is a fundamental tenet of the United States legal system. *See Phoenix Newspapers Inc. v. U.S. Dis. Ct.*, 156 F.3d 940, 946 (9th Cir. 1998). In the spirit of open access, courts have long recognized the public's "general

right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  This right extends to pretrial documents filed in civil cases, including materials submitted in connection with motions for summary judgment. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003).  "Unless a particular court record is one traditionally kept secret," such as grand jury transcripts and warrant materials, "a strong presumption [weighs] in favor of access." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (cleaned up).  A party seeking to seal a judicial record bears the burden to overcome this strong presumption by articulating "compelling reasons" that outweigh the public policies favoring disclosure. *Id.* at 1178–79.

Sealing records is justifiable only under limited and compelling circumstances. Generally, "compelling reasons" sufficient to outweigh the public's interest in disclosure exist when the court filings "might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (internal quotation marks omitted). However, the possible "embarrassment, incrimination, or exposure to further litigation" attendant upon disclosure do not, without more, constitute compelling reasons. *Id.*  In making its determination, the court must balance the competing interests of the public and the party seeking to seal the judicial records. *Id.*  "What constitutes a compelling reason to seal documents is a determination best left to the sound discretion of the trial court." *Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (cleaned up).  Notably, "[t]he judge need not document compelling reasons to unseal; rather the proponent of sealing bears the burden with respect to sealing." *Kamakana*, 447 F.3d at 1182.  "A failure to meet that burden means that the default posture of public access prevails." *Id.*

Here, the County has failed to meet its burden of demonstrating compelling reasons why the CIRB Discovery should remain sealed.  The County argues that these documents should remain under seal for the following three reasons: (1) the County entered into the

settlement with Plaintiff expecting that settlement to effect a permanent sealing of the CIRB Discovery; (2) the Sheriff's Department spoke freely during these CIRB meetings in reliance on the supposed privileged nature of these communications; and (3) these documents contain private third-party information, including confidential medical information. The Court will examine each of these reasons in turn to determine whether they are sufficiently compelling to outweigh the public's interest in this information.

At the outset, the Court finds that the public has a legitimate interest in the contents of the CIRB Discovery. The public unquestionably holds an interest in the operations of the County and County jails which are both supported by tax dollars—especially when they have resulted in the numerous deaths and injuries of San Diego residents detained in custody. *See Kamakana*, 447 F.3d at 1178 (the public's right to judicial documents "is justified by the interest of citizens in keeping a watchful eye on the workings of public agencies") (cleaned up). The underlying action involved an epileptic Plaintiff who suffered severe injury after the County denied him his seizure medication and a bottom bunk despite its knowledge of Plaintiff's condition. While prosecuting his case, he attached CIRB documents containing other instances of inmate death and serious injury to prove that the wrongs he suffered was part of the County's pervasive and longstanding custom of deliberate indifference to the needs of its inmates. Information about the County's possible mistreatment of its inmates is inherently a matter of significant public interest: County residents not only support these operations with their taxpayer dollars but may be subject to such treatment if detained. That the County presumably spent public funds to settle this underlying case further implicates a public interest in the CIRB Discovery. *See, e.g.*, *Mendez v. City of Gardena*, 222 F. Supp. 3d 782, 792 (C.D. Cal. 2015). Moreover, the high numbers of inmate deaths in San Diego County jails during the past three years have thrust the CIRB review process into the spotlight. *See* Decl. of Jeff Light, ¶ 3. The public interest in these documents reached the level where transparency into the CIRB process became the subject of election campaign promises: the current County Sheriff publicly announced she would release CIRB reports if elected, but then reneged on her campaign

promises. *See id.*, ¶ 4. Given both the facts of this particular case and the history of County residents suffering death and serious injury while detained in County jails, there can be no question that the public has an interest in the disclosure of the CIRB documents.

Having determined that the public has a legitimate interest in the sealed materials, the Court examines whether the County has articulated a harm that outweighs this interest. First, the Court does not find compelling the County's assertion that it expected the CIRB Discovery would remain sealed as a result of its settlement with Plaintiff. As stated above, parties to a litigation do not have the right to bargain away the public's right of access to court filings. *San Jose Mercury News*, 187 F.3d at 1101. Because this right of access belongs to the public (and the County should have known as much), its purported bargained-for expectation is not a compelling reason to keep the documents under seal.

Second, the County's assertion that the Sheriff's Department relied on the expectation of attorney-client privilege[2] to speak candidly in the CIRB meetings does not qualify as a compelling reason to seal documents. Compelling reasons to seal documents include, for example, the use of records to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179. "[E]mbarrassment, incrimination, or exposure to further litigation" alone, however, are insufficient reasons to overcome the strong presumption in favor of access. *Id.* The County does not assert that its misplaced reliance on attorney-client privilege will give rise to disclosure of trade secrets, libel, or otherwise promote unwarranted scandal from the discussions reflected in the CIRB Discovery. To the extent the County fears that its frank communications, made with the expectation of privacy, might give rise to embarrassment, public concern, or other lawsuits, it is clear under *Kamakana* that such exposure does not constitute a compelling reason. *See id.*

---

[2] The Court does not address the attorney-client or work product privilege concerns in this order. As set forth above, Judge Butcher ruled that the CIRB Discovery was not entitled to attorney-client or work product privilege, this Court overruled the County's objections to his ruling, and the Ninth Circuit rejected a petition for mandamus seeking review of the privilege issue.

Finally, the Court does not agree that the CIRB Discovery must be sealed in order to protect the privacy rights of third parties. The County correctly notes the concern that the CIRB Discovery contains medical and mental health records, criminal histories, graphic photographs, and other sensitive information which may violate privacy rights of third parties. Where significant privacy concerns are present, a court must consider whether redacting confidential information would mitigate the harm and permit disclosure. *See Foltz*, 331 F.3d at 1137 (finding redactions of third-party medical and personnel records sufficient to protect privacy interests and declining to find compelling reasons to seal all records). Here, the Court finds that tailored redactions of third-party medical information, graphic photographs, and other sensitive information will be sufficient to avoid particularized harm to third parties and protect their privacy interests. Wholesale sealing of the CIRB Discovery is not warranted here, where tailored redactions of sensitive third-party information is sufficient to mitigate the harm. For the reasons set forth above, the Court finds that the public's interest in disclosure outweighs the County's interests in maintaining the CIRB Discovery under seal.

The Court grants the Intervenors' motion to unseal and will file a redacted version of the documents at issue. Pursuant to the Court's order, the County and Media Intervenors met and conferred regarding the appropriate redactions of sensitive third-party information from the CIRB Discovery. The Court approves their stipulated redactions. Although not stipulated, the Court further grants the County's request to redact the names of seven inmates who witnessed some of the serious incidents described in the CIRB documents. The Court finds that these inmates' privacy interests outweigh any cognizable public interest in their names. *Kamakana*, 447 F.3d at 1179. The CIRB documents will, therefore, be redacted as stipulated by the parties and as further requested by the County prior to public filing.

///

///

///

## IV. REQUEST TO STAY

The County requests that the Court stay enforcement of this order pending the outcome of an appeal. Def.'s Opp'n at 28. A party seeking a stay pending appeal bears the burden of showing that a stay is justified based on four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 433 (2009)). For the reasons stated above, the Court does not find that the County is likely to succeed on the merits based on the "compelling reasons" standard set forth in *Kamakana*. The County's briefing does not address its likelihood of success on any other grounds and makes no effort to address the other three prongs aside from simply asserting that they will suffer irreparable injury. The County bears the burden to justify a stay and its meager showing does not suffice to satisfy this burden. *Nken*, 556 U.S. at 433 ("A stay is not a matter of right, even if irreparable injury might otherwise result."); *Al Otro Lado v. Wolf*, 952 F.3d 999, 1006 (9th Cir. 2020). Accordingly, the Court denies the County's motion to stay.

///

///

///

## V. CONCLUSION

For the reasons discussed above, the Court GRANTS the Media Intervenors' motion to intervene and unseal [Dkt. 359]. The Court DENIES the County's request to stay this Order pending appeal [Dkt. 361]. The Court GRANTS the County's *ex parte* request to defer the public filing of the CIRB Discovery for at least 24 hours after the date of this Order. After forty-eight (48) hours from the date of this Order, the Court will file a redacted version of the CIRB Discovery that will be publicly available.

**IT IS SO ORDERED**.

Dated: July 11, 2023

_____
Honorable Jinsook Ohta
United States District Judge