UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE GREER,<br><br>                            Plaintiff,<br>v.<br>COUNTY OF SAN DIEGO, et al.,<br>                           Defendants. | Case No.:  19-cv-0378-JO-DEB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO MODIFY THE PROTECTIVE ORDER TO PERMIT USE OF CIRB REPORTS IN THE MATTER OF** *ESTATE OF ELISA SERNA*<br><br>**[DKT. NO. 395]** |

## I.     Introduction

Before the Court is Plaintiff Frankie Greer's Motion to Modify the Protective Order to Permit Use of CIRB Reports Filed with this Court in the Matter of *Estate of Elisa Serna* ("Motion" or "Motion to Modify"). Dkt. No. 395. Defendants oppose the Motion (Dkt. No. 398), and Greer replied (Dkt. No. 399). For the reasons discussed below, the Court denies the Motion.

## II.    Procedural Background

Greer's Motion seeks modification of the Protective Order so Greer's attorneys can use certain Critical Incident Review Board reports ("CIRB Reports") in connection with their representation of other plaintiffs in an unrelated case, *The Estate of Elisa Serna, et al. v. County of San Diego, et al.*, 20-cv-2096-LAB-DDL (S.D. Cal. Oct. 26, 2020) ("*Serna*").

The Motion is rooted in litigation before the undersigned and the presiding district judge. Greer served a Request for Production of Documents seeking the CIRB Reports from the Defendant County of San Diego. The undersigned issued a written order rejecting the County's claim that the CIRB Reports were protected from disclosure by, among other things, the attorney-client privilege. Dkt. No. 226. The County objected to the order (Dkt. No. 232), which the district judge overruled (Dkt. No. 267). The County then produced the CIRB Reports pursuant to the Court's Protective Order.

Although the parties settled this case, the privilege issue remains a live controversy in the Ninth Circuit by virtue of the County's appeal of the district judge's Order Granting Media Intervenors' Motion to Intervene and Unseal. Dkt. No. 379. In that appeal, the County contends this Court erred by unsealing the CIRB Reports because they are protected from disclosure by, among other things, the attorney-client privilege.

In *Serna*, discovery is closed and defendants' Motion for Summary Judgment is pending. 20-cv-2096-LAB-DDL (Dkt. No. 308). The *Serna* plaintiffs' opposition to defendants' motion attached the CIRB Reports that were subject to the Court's Protective Order in this case. *Id.* (Dkt. No. 343). The *Serna* plaintiffs had the opportunity to take discovery in that case, but they apparently did not seek production of the CIRB Reports at issue here. Those CIRB Reports were not produced in the *Serna* discovery. Dkt. No. 398 at 10–11.

The County filed a Motion for Enforcement of Protective Order and Sanctions asserting that Greer's counsel violated this Court's Protective Order by attaching the CIRB Reports to their *Serna* briefing. Dkt. No. 391. The Court ruled that Greer's counsel violated this Court's Protective Order but denied the County's Motion for Sanctions without prejudice. Dkt. No. 393. Following the hearing, Plaintiffs' counsel withdrew the CIRB Reports from their summary judgment opposition in *Serna*. 20-cv-2096-LAB-DDL (Dkt. No. 393).

Greer then filed this Motion to Modify to permit use of the CIRB Reports in *Serna*. Following completion of the briefing, the Court requested supplemental briefing "on

whether the County's pending appeal of the Court's order Granting Media Intervenor's Motion to Intervene and Unseal (Dkt. Nos. 379, 380) divests this Court of jurisdiction to issue orders regarding the documents at issue in the appeal, including issuing an order on Plaintiff's Motion to Modify the Protective Order (Dkt. No. 395)." Dkt. No. 400. Greer and the County submitted the requested supplemental briefing. Dkt. Nos. 401 (County's Supplemental Brief arguing the pending appeal prevents the Court from modifying the Protective Order), 402 (Greer's Response arguing the Court retains jurisdiction to modify the Protective Order).

### III. Legal Standards

Federal Rule of Civil Procedure 26(c)(1) authorizes the court, for good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." "The Supreme Court has interpreted this language as conferring 'broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'" *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). This authority survives termination of the case. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992) ("The district court retain[s] the power to modify the protective order" even after the underlying suit is dismissed.") (citing *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990)).

A pending appeal divests a lower court of its ability to issue or modify any orders encompassed by the appeal. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *Evans v. Synopsys, Inc.*, 34 F.4th 762, 776 (9th Cir. 2022) (same). Although this rule does not divest the lower court of subject-matter jurisdiction, *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 790–91 (9th Cir. 2018), it does bar a lower court from issuing or modifying orders involved in the

appeal. *Pro Sales, Inc. v. Texaco, U.S.A., Div. of Texaco, Inc.*, 792 F.2d 1394, 1396 n. 1 (9th Cir. 1986) ("[T]he district court had no power to amend its opinion" after the notice of appeal.). This bar extends to "proceedings that relate to any aspect of the case involved in the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 744 (2023); *see also Rodriguez*, 891 F.3d at 790 ("The 'divestiture of jurisdiction rule is not based upon statutory provisions or the rules of civil or criminal procedure. Instead, it is a judge made rule originally devised in the context of civil appeals to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'") (quoting *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984)).

## IV.   Discussion

Greer's Motion to Modify seeks permission to use the CIRB Reports subject to the Protective Order in this case in *Serna*, an unrelated case pending before other judges in this District. Greer obtained the CIRB Reports in discovery after both the undersigned and the district judge rejected the County's assertion that the CIRB Reports are documents subject to the attorney-client privilege. The County's privilege claim is now pending in the Ninth Circuit in the County's appeal of the Media Intervenor's Motion to Intervene and Unseal. The County's Opening Brief in the Ninth Circuit framed the issue on appeal as follows:

> Did the District Court err in finding that the CIRB materials are not privileged and are not protected by the attorney work product doctrine? Specifically: (a) Did the District Court err by finding that the County failed to prove that "the primary purpose" of CIRB is legal advice? (b) Did the District Court err by declining to analyze whether legal advice is "one of the significant purposes" of CIRB? (c) Did the District Court err by finding that the CIRB materials are not protected from disclosure by the attorney work product?

Dkt. No. 401 at 4, Ex. A.

If the County's privilege claim succeeds on appeal, then this Court would have erred in compelling production of the CIRB Reports. Thus, whether the CIRB Reports may be used in *Serna* is the mirror image of the question pending before the Ninth Circuit. Significantly, the Ninth Circuit granted the County's Motion to Stay this Court's July 11,

2023 order unsealing the CIRB Reports, thereby prohibiting public dissemination of the CIRB Reports until the appeal is resolved. Dkt. No. 385. This Court, therefore, declines to enter an order directly related to the subject matter of the County's appeal.

Greer's Response to the County's Supplemental Brief argues the "County's attempt to use an appeal of a Rule 24 intervention and unsealing order to challenge the district court's substantive orders in Mr. Greer's underlying case is rendered constitutionally moot because Mr. Greer and the County have settled all their claims." Dkt. No. 402 at 2. Greer's mootness argument, however, constitutes another reason to deny Greer's Motion to Modify. Greer has settled and dismissed his case against the County. He has no stake in the ongoing appeal, and he has no stake in the pending *Serna* litigation that is the subject of his Motion to Modify. The real parties in interest are the *Serna* plaintiffs, and they are not the moving party here. If the *Serna* plaintiffs were to successfully intervene and obtain modification of the Protective Order, however, they would very likely find themselves in the same position as the Media Intervenors: in the Ninth Circuit responding to the County's argument that the CIRB Reports are protected from disclosure by the attorney-client privilege.

Finally, the Court notes the parties in *Serna* litigated the discoverability of other CIRB Reports. 20-cv-2096-LAB-DDL (Dkt. No. 220) (ruling a different set of CIRB Reports are not protected by attorney-client privilege). But the *Serna* plaintiffs apparently did not seek discovery of the specific CIRB Reports at issue here. Had they done so, the County might have raised relevance, proportionality, and/or other objections to those requests based on the different facts of that case. And the judicial officers presiding over *Serna* (who are not the judicial officers presiding over this case) might have sustained those objections. The undersigned, therefore, declines to take action that might usurp judicial management of *Serna*.

//
//
//

## V. Conclusion

Whether the CIRB Reports are privileged is the subject of a pending appeal. Greer has settled his case against the County and, therefore, has neither a need for access to the CIRB Reports nor any stake in the pending *Serna* litigation. The Court, therefore, denies Greer's Motion to Modify.

**IT IS SO ORDERED.**

Dated: March 6, 2024

Honorable Daniel E. Butcher
United States Magistrate Judge